■ FREDERICK E. O'HERRON, Appellant, v. SOUTHERN TIER STORES, INC., Respondent.— Appeal from a judgment of the Supreme Court, Chemung County which dismissed the complaint after a trial by the court without a jury. The action is for rescission and to recover moneys paid under a contract whereby plaintiff and others supplied funds for the incorporation and capitalization of defendant corporation, formed to purchase and hold the stock of an existing corporation engaged in the department store business. The shares of the defendant corporation to which plaintiff subscribed were delivered to him in due course but debentures to which he also subscribed and for which he paid were not issued until nearly two years after the organization óf the holding corporation. It is abundantly clear, however, that the delay was not material or prejudicial. The indebtedness having always been recognized, there is not the slightest intimation that earlier issuance of additional evidences thereof, in the form of debentures, would have advantaged plaintiff in any way. Delay was occasioned, in some part at least, by problems of additional financing and the adjustment of the financial structure of the corporation to best advantage. During this period plaintiff, as a director of defendant, participated in the negotiations and discussions concerning these same problems and during that time, also, was comptroller and treasurer, as well as a director, of the department store corporation. The agreement seems to have contemplated equal shares and equal authority on the part of the participants in the enterprise and, so far as appears, plaintiff's position in that respect did not change. In fact, plaintff alone of the organizers derived immediate financial advantage in that his employment by the department store corporation was continued at an increased salary. The inference is very strong that, whether the business was less successful than had been anticipated or for some other reason, plaintiff desired to terminate his employment by the operating corporation and that he then attempted to withdraw his investment in the holding company and this action followed. The primary purpose of the agreement was the acquisition of the department store corporation and the continuation of its business. These purposes were accomplished and with no substantial variance from the contract. Rescission of a contract is permitted "for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual or technical breach, but, as a general rule, only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract." (*Callanan* v. *Keeseville, Ausable Chasm & Lake Champlain R. R. Co.*, 199 N. Y. 268, 284.) Plaintiff asserts, further, that the contract was void as not providing the interest rate to be paid on the debentures, but this was fixed by the board within the maximum provided by the agreement; and as failing to specify their maturity date, but it is clearly and necessarily inferrable that this was also to be subsequently determined by action of the directors, of whom plaintiff was one, as it in fact was. (Cf., also, 1 Williston, Contracts [3d ed.], § 49, pp. 158–161.) We find in the record no other questions sufficiently substantial to warrant discussion. Judgment unanimously affirmed, with costs to respondent. Bergan, J. P., Coon, Gibson and Herlihy, JJ., concur; Reynolds, J., taking no part.