Joseph A. Cox, S.
This proceeding was brought to obtain a determination as to the validity of a right of election asserted by the testator’s widow. It is claimed by the executrices that an agreement entered into between the testator and his wife prevents an effective assertion of the elective right and, on such basis, the estate representatives move for summary judgment, and are joined on such motion by the special guardian for infant beneficiaries under the will. The widow has made a *161 cross motion for summary judgment sustaining the right of election.
The testator and the respondent widow were married in September, 1952 and on December 26, 1956 concededly executed an agreement, dated December 7, 1956, before the United States Vice-Consul at Zurich, Switzerland. The testator died on March 18,1958 and his will, dated December 3, 1957, has been admitted to probate as the will of a resident decedent. The December, 1956 agreement refers to an antenuptial agreement of September, 1952 under which each party to the marriage purported to waive any right to elect to take against the will of the other. The 1956 agreement also refers to differences which arose between the parties subsequent to their marriage and under this agreement the respondent widow expressly waived and released all of her claims as surviving spouse, explicitly including her right of election under section 18 of the Decedent Estate Law, and the testator completely waived his rights in his wife’s estate. In this instrument the testator agreed to pay the respondent $200,000 in cash and to create an irrevocable trust in the principal amount of $400,000 with the income therefrom payable to her and with the principal payable to her on his death. The agreement provided further that the testator would bequeath to the respondent the sum of $25,000 net after estate taxes, if the parties to the agreement were married on his death, and that, by his will, he would discharge the respondent from any indebtedness owed to him at his death.
A claim of the respondent is that, because the agreement stated its purposes to be to resolve the differences which had arisen between the parties, to settle and clarify their respective property rights ‘ ‘ and thereby insure that they will live together in harmony and in trust in all respects ”, an alleged abandonment of the respondent subsequent to the date of the agreement and an alleged refusal on the testator’s part to support the respondent constituted a breach of the agreement and a failure of consideration which made the respondent’s waiver of her right of election inoperative. The premise of this claim is that a continued living together in harmony and in trust was a prime consideration for the agreement but the court reads the preliminary statement so relied upon as expressive only of a hopeful expectation which the parties desired to realize but which cannot be regarded as a material portion of this agreement. It is difficult to envision any married couple trading in doEars’ worth of marital bliss and it is obvious that, whatever the parties to this contract hoped to accomplish by way of armistice, their fundamental and stated purpose was to effect a settlement *162 of property rights. The contention of the widow is not tenable and it does not constitute a basis for rescission of the agreement. (Callanan v. Keeseville, Ausable Chasm & Lake Champlain R. R. Co., 199 N. Y. 268; O’Herron v. Southern Tier Stores, 9 AD 2d 568.)
It is conceded that the testator paid the respondent $200,000 and established the $400,000 trust as required by the agreement. The testator’s will bequeaths the respondent the sum of $25,000 and releases and discharges the respondent and the latter’s mother from any indebtedness owed to the testator at his death. The will charges all estate taxes, on both testamentary and nontestamentary property, against the residuary estate. The testator in making the money payments and in including the general legacy and other provisions in his will complied with the requirements of the agreement he had entered into with his wife. The assertion of the widow that the testator’s expression of his intention to comply, in his will, with the terms of the inter vivos agreement imposed an invalidating condition upon the bequest is wholly without merit.
The agreement in question was drawn at a time when the parties were dealing at arm’s length. The respondent was represented by experienced counsel of her own choice and there is no claim of nondisclosure, overreaching or fraud in the negotiations for the agreement, its preparation or its execution. The assertions that Swiss law is involved in either the interpretation or the operation of this agreement are not deserving of serious consideration. The agreement was between domiciliaries of New York contracting with regard to the New York laws applying to the estates of New York residents and the agreement was executed before a Vice-Consul of the United States in compliance with the requirements of section 18 of the Decedent Estate Law. Clearly the parties intended New York law to govern the agreement for the simple reason that contemplation of Swiss law as applicable to the operation of a New York statute upon New York property would have been an absurdity. (Compañía de Inversiones Internacionales v. Industrial Mtge. Bank, 269 N. Y. 22, 26; Dougherty v. Equitable Life Assur. Soc., 266 N. Y. 71, 80; Kleve v. Basler L.-V. Gesellschaft, 182 Misc. 776, 780; 6 Willis ton, Contracts [rev. ed.], p. 5096; 62 Harv. L. Eev. 647.)
The court holds that the agreement entered into between the testator and the respondent was valid and effective to accomplish the waiver of rights therein specified, that the testator complied with the requirements of the contract and that the respondent has established no breach of the agreement and no *163 basis for claiming a rescission of the agreement or a release from the commitments imposed upon the respondent by the agreement. The motion for summary judgment determining that the respondent has waived and released her rights as surviving spouse in the estate, except as provided in the testator’s will, is granted and the respondent’s cross motion for summary judgment is denied.