Per Curiam.

Firmly embedded in the law of this State, both by Constitution (art. XVI, § 1) and by statute (Real Property Tax Law, § 420), is the doctrine that real property owned by a religious corporation and used exclusively for religious pur *31 poses is exempt from taxation (see, e.g., Pople ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350, 357-358; People ex rel. Church of St. Mary v. Feitner, 168 N. Y. 494, 497) and research discloses — and the 2½-page brief of the plaintiff-appellant herein cites no authority to the contrary— that courts throughout the country have long and consistently held that the exemption of such real property from taxation does not violate the Constitution of the United States. (See, e.g., Trustees of Griswold Coll. v. State of Iowa, 46 Iowa 275, 282 [1877]; Methodist Episcopal Church, South v. Hinton, 92 Tenn. 188 [1893]; Garrett Biblical Inst. v. Elmhurst State Bank, 331 Ill. 308 [1928]; Lundberg v. County of Alameda, 46 Cal. 2d 644, app. dsmd. 352 U. S. 921 [1956]; General Finance Corp. v. Archetto, 93 R. I. 392, app. dsmd. 369 U. S. 423 [1962]; Murray v. Comptroller of Treasury, 241 Md. 383, cert. den. 385 U. S. 816 [1966]; see, also, Abington School Dist. v. Schempp, 374 U. S. 203, 301 [per Brennan, J., concurring [1963]. But see, contra, Engel v. Vitale, 370 U. S. 421, 437, per Douglas, J., concurring [1962].) We see no reason for departing from this conclusion in this case.
The question of the plaintiff’s standing to maintain this action has not been raised.
The order appealed from should be affirmed, with costs.
Chief Judge Fuld and Judges Soileppi, Bergan, Keating, Brbitel and Jasen concur; Judge Burke concurs in result.
Order affirmed.