■ ANTHONY GURINO et al., Respondents, v FRANK GABRIELLI, Appellant, and FREEMAN, HYMAN & DIAMOND, P. C., Respondent. (Action No. 1.) FRANK GABRIELLI, Appellant, v FREEMAN, HYMAN & DIAMOND, P. C., Respondent. (Action No. 2.)—In an action for specific performance of a stipulation for delivery of a deed (action No. 1), and in an action by Frank Gabrielli for the return of the same deed to him (action No. 2), the defendant Frank Gabrielli appeals from an order of the Supreme Court, Queens County (Joy, J.), dated November 7, 1986, which granted the motion of the plaintiffs in action No. 1, Anthony Gurino and Noel Holding Corp., to compel delivery

to them of the deed held in escrow by the defendant Freeman, Hyman & Diamond, P. C. (hereinafter Freeman), dismissed action No. 2, and which denied, as moot, the motion to consolidate the two actions.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiffs-respondents in action No. 1.

Frank Gabrielli and Anthony Gurino were former business associates who had acquired title to real property located at 211 Ainslie Street, Brooklyn, in or about 1976. Noel Holding Corp., whose president was Gurino, took title to a two-thirds undivided interest and Gabrielli took title as to an undivided one-third interest. In order to finance the purchase, Gabrielli mortgaged properties owned by him in Queens.

Subsequently, over a period of 10 years, Gabrielli and Gurino were embroiled in a series of lawsuits which were settled pursuant to a stipulation. Under the stipulation, Gurino was required to pay Gabrielli a total of $17,500. Simultaneously with the execution of the agreement Gabrielli was required to deliver to Freeman the deed to his one-third interest in 211 Ainslie Street to be held in escrow. There is no question that the $17,500 was paid and that the deed was in fact delivered to Freeman. The stipulation, however, also provided that Gurino was to obtain satisfactions of the mortgages on Gabrielli's Queens properties. Upon performance of all of the provisions of the agreement the deed was to be released to Gurino. The stipulation provided, "In the event that the terms of this agreement have not been fully complied with, within one year from the date hereof, GABRIELLI shall retain the monies paid hereunder and the attorneys for GURINO shall return the deed and release herein delivered to them and held in escrow".

It is undisputed that the stipulation was filed on November 30, 1984 and that this is the operative date for measuring the time of performance.

The record indicates Gurino did not satisfy the mortgages on Gabrielli's properties by November 30, 1985. However, during December 1985 Gurino and Gabrielli were in communication as to Gurino's attempt to refinance 211 Ainslie Street. It is clear that the purpose of the refinancing was to provide the necessary capital for Gurino to satisfy the Queens mortgages. On January 10, 1986, Gurino notified Gabrielli that he had received a bank commitment. On January 13, 1986, Gabrielli moved for an order to compel Freeman to return the deed to him. The motion was denied without prejudice and is

not the subject of this appeal. In May 1986 Gurino and Noel Holding Corp. brought an action to have the deed released to him (action No. 1). That same month, Gabrielli commenced an action to have the deed returned to him (action No. 2).

We agree with the Supreme Court's determination that the stipulation did not make time of the essence. In equitable actions, as here, time will not be considered of the essence unless it affirmatively appears that the parties regarded time as an essential element of their bargain (see, Lusker v Tannen, 90 AD2d 118, 124). Neither the stipulation nor the parties by their conduct demonstrated that time was to be of the essence.

In addition, the court correctly held that Gabrielli is equitably estopped from insisting on strict compliance with the stipulation within one year in light of his conduct subsequent to November 30, 1985. As the court noted "[Gabrielli] took no action to enforce compliance by Gurino until January, 1986, after he learned that Gurino had obtained the loan commitment and was in a position to comply with the stipulation". We agree with the court that based on equitable principles of fair dealing, Gabrielli should not now be allowed to assert claims which if enforced would work an injustice.

We have examined Gabrielli's remaining claims and find them to be without merit. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.