■ NORTH STAR CONTRACTING CORP. AND TERN STAR, INC., a Joint Venture, Appellant, v CITY OF NEW YORK, Respondent. [611 NYS2d 11] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered on or about December 14, 1992, which granted the motion by defendant City of New York ("the City") for summary judgment dismissing the plaintiff's complaint, unanimously affirmed, with costs.

The IAS Court properly determined that the underlying action, seeking, *inter alia,* to recover alleged delay damages arising from a DOT construction project for the rehabilitation of Slips 2 and 3 at the Whitehall Ferry Terminal in New York solely on a quantum meruit basis, was precluded by the terms of the parties' construction contract which specifically governed the subject matter of their dispute *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *Smith Elec. Contrs. v City of New York,* 181 AD2d 542), as well as the "no-damage-for-delay" exculpatory clauses in Articles 13, 65 and 71 thereof, expressly providing that the plaintiff, as contractor, had agreed to make no claim for damages for delay occasioned by any act or omission to act of the City and that a contract extension constituted full compensation for any delay claims. Such clauses have been found valid, and preclude recovery of damages resulting from a broad range of reasonable and unreasonable conduct, where, as here, the conduct was specifically contemplated by the parties when they en-

tered into the agreement *(Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297, 305).

Although such a no-damage-for-delay clause will not preclude recovery for damages resulting from the City's intentional wrongdoing, gross negligence or willful misconduct *(supra,* at 305, 309), the record reveals that the plaintiff failed to meet its heavy burden of proving that the delays were wholly unanticipated and were solely due to gross negligence or misconduct on the part of the municipality, particularly since the provisions of the parties' contract specifically contemplated the type of problems encountered and provided detailed provisions to avert such problems and to assign the risk in the event such problems occurred, and since the plaintiff's proper remedy, if the contract was breached, was to sue on the contract itself for damages *(Buckley & Co. v City of New York,* 121 AD2d 933, 936).

Nor was the parties' conduct consistent with a rescission of the contract by the plaintiff based upon the City's alleged fundamental breach thereof *(see, Babylon Assocs. v County of Suffolk,* 101 AD2d 207, 215), or an abandonment of the contract by the City *(see, Staebell v Bennie,* 83 AD2d 765, 765-766). On the contrary, here the parties, recognizing the magnitude of the revisions necessary to complete the work already commenced, entered into a lengthy period of negotiations in an effort to reach a mutually acceptable contract modification whereby the plaintiff could complete the project, with the plaintiff, from the date it suspended work on September 26, 1986, repeatedly seeking and being granted by the City numerous contract extensions, and submitting, at the City's request, many amended proposals and cost estimates. The plaintiff's attempt to rescind the contract, despite its active participation in the negotiations, occurred only after it realized that it would not be awarded the contract modification sought for additional compensation to complete the work *(see, Corinno Civetta Constr. Corp. v City of New York, supra,* at 312-313).

Finally, plaintiff's reliance upon an implied "good faith" provision in the contract cannot defeat the plain language thereof, which specifically precludes its damage claim. Quantum meruit may not be used to circumvent, and a court will not make an inference of any implied agreement which is destructive of, the express terms of the parties' contract *(Zolotar v New York Life Ins. Co.,* 172 AD2d 27, 31).

We have reviewed the plaintiff's remaining claims and find

them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.