■ LASKER-GOLDMAN CORP., Appellant, v CITY OF NEW YORK, Respondent. [633 NYS2d 771] —Order, Supreme Court, New York County (Herman Cahn, J.), entered July 29, 1994, which, *inter alia*, granted defendant City of New York's motion for summary judgment dismissing the complaint, and order, same court and Justice, entered April 3, 1995, which, insofar as appealed from, denied plaintiff's motion for renewal, unanimously affirmed, without costs.

The IAS Court, in dismissing the complaint, properly determined that the recovery of quantum meruit damages by plaintiff, as general contractor on the City construction project, was barred by the valid express written agreement between the parties. Plaintiff neither established that the contract was lawfully rescinded by a material and willful breach by the City, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract, nor established an abandonment thereof by conduct which is unequivocal and inconsistent with the intent to be

bound (*see, North Star Contr. Corp. v City of New York,* 203 AD2d 214, 215; *Babylon Assocs. v County of Suffolk,* 101 AD2d 207, 215).

We agree with the IAS Court that plaintiff waived any claimed damages under the contract by its failure to fully comply with the strict notice and itemization requirements of Article 27 of the parties' contract. The relevant contractual provision required notice within five days of sustaining alleged damage by any act or omission of the City or its agents and itemization of the claimed damages within 30 days of allegedly sustaining such damages. Strict compliance with such contractual notice provisions is a condition precedent to a claim for damages under the contract (*Huff Enters. v Triborough Bridge & Tunnel Auth.,* 191 AD2d 314, *lv denied* 82 NY2d 655).

Recovery of delay damages is also precluded by Article 13 of the contract, under which plaintiff herein was granted three extensions of time within which to complete performance. In that Article, plaintiff, as general contractor, specifically agreed to make no claim for damages for delay in the performance of the contract occasioned by any act or omission of the City or any of its representatives, and agreed that an extension of time to complete performance is the sole remedy for delay (*North Star Contr. Corp. v City of New York, supra,* at 214-215).

We have reviewed plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Tom, JJ.