■ VINCENT CALCAGNO, Respondent, v THEODORE DREW, Defendant, and HAROLD GOLD, as Nominee, et al., Appellants. (And Another Related Action.) [694 NYS2d 248] —Carpinello, J. Appeal from a judgment of the Supreme Court (Meddaugh, J.), entered October 9, 1998 in Sullivan County, upon a decision of the court in favor of plaintiff.

The essential facts in this case are not in dispute. The legal conclusions to be drawn from these facts, however, are in dispute. At issue is whether two letters exchanged between attorneys referencing the placement of funds in escrow are sufficient to create a valid escrow agreement. Because we find that they are sufficient, we affirm.

As part of his purchase of a pizzeria restaurant business,

interpleaded defendant Kevin Wohl executed a promissory note in favor of the seller which required him to make regular monthly payments of principal and interest. After the sale, a person other than the seller claimed that he had a part ownership interest in the business and that the seller had no right to convey clear title. As a result, Wohl's attorney advised the seller's attorney in a letter dated October 22, 1992 that, in order to protect his client, he would instruct Wohl to make the monthly payments to the attorney's office to be "held in escrow". The next day, the seller's attorney acknowledged receipt of the letter and responded that he had "no objection whatsoever" to this procedure pending resolution of "this problem". Accordingly, Wohl, through his closely-held corporation, made a total of $34,000 in payments on the note which were deposited into the attorney escrow account. This procedure continued without incident or objection until Wohl stopped making payments altogether when the business closed. Notably, no action was ever commenced by the alleged part-owner of the business within the applicable six-year Statute of Limitations.

The conflicting claims to the escrowed funds are made by plaintiff, current holder of the promissory note, and defendants, creditors of Wohl's corporation who assert that the funds still belong to the corporation. After a nonjury trial, Supreme Court concluded that a valid escrow agreement existed. The court also determined that, in the absence of timely legal action by the alleged part-owner of the business, the condition under which the funds had first been placed in escrow was resolved, and accordingly awarded the funds to plaintiff. Defendants appeal.

A simple reading of the subject letters reveals that a valid escrow agreement was created as the parties clearly intended that, upon fulfillment of a condition (resolution of the adverse claim), transfer of title to the funds would be irrevocable (see, Farago v Burke, 262 NY 229). Since the adverse claim, which might have jeopardized Wohl's title to the business assets, was never pursued in any fashion, ownership of the escrowed funds passed to the holder of the note upon the fulfillment of the condition which caused them to be placed with the attorney in the first instance (see, Marriott Corp. v Rogers & Wells, 81 AD2d 556, 558, affd 61 NY2d 626). We are also unpersuaded by defendants' argument that Wohl's use of corporate checks (a corporation which he and his wife owned and of which he was the president) to make the escrowed payments somehow preserved title to these escrowed funds in the corporation, the use of corporate checks for the payment of personal indebted-

nesses being " 'an every day occurrence in the business world' " (*Hartford Acc. & Indem. Co. v American Express Co.*, 74 NY2d 153, 163).

Defendants' remaining arguments have been considered and rejected.

Mercure, J. P., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.