■ COUNTY OF ONTARIO, Respondent, v MARVIN E. EPLING, Appellant. [718 NYS2d 686] —Order and judgment unanimously affirmed with costs for reasons stated in decision at Supreme Court, Marks, J. (Appeal from Order and Judgment of Supreme Court, Ontario County, Marks, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.

■ In the Matter of the Estate of SALLY B. FORMAN, Deceased. JAY W. GILBERT et al., Respondents; PATRICIA A. GROVE, Appellant. [718 NYS2d 908] —Decree unanimously affirmed without costs for reasons stated at Monroe County Surrogate's Court, Ciaccio, S. (Appeal from Decree of Monroe County Surrogate's Court, Ciaccio, S.—EPTL.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.

■ A. R. MACK CONSTRUCTION Co., INC., Appellant, v CENTRAL SQUARE CENTRAL SCHOOL DISTRICT, Respondent. [719 NYS2d 425] —Order unanimously affirmed without costs. Memorandum: Plaintiff, the masonry contractor on a construction project for defendant school district, commenced this action to recover damages it allegedly incurred when it was required to complete its performance of the contract under "materially changed conditions" created by defendant and its agents. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. The damages sought by plaintiff are encompassed within the no-damage-for-delay exculpatory clauses in article 8 of the parties' contract. "Such clauses have been found valid, and preclude recovery of damages resulting from a broad range of reasonable and unreasonable conduct, where, as here, the conduct was specifically contemplated by the parties when they entered into the agreement" (*North Star Contr. Corp. v City of New York*, 203 AD2d 214, 214-215, citing *Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 305). Plaintiff may not avoid the contractual bar to such damages on the ground that the delays resulted from defendant's alleged gross negligence or willful misconduct. The record contains no evidence of willful misconduct or "conduct by [defendant] so grossly negligent as to constitute a predicate for a delay damage claim in the face of the contract's broad exculpatory clause" (*Buckley & Co. v City of New York*, 121 AD2d 933, 934, *lv dismissed* 69 NY2d 742). (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.