■ RR CHESTER, LLC, Appellant, v ARLINGTON BUILDING CORP. et al., Respondents. [803 NYS2d 100]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated January 15, 2004, as granted the motion of the defendants Arlington Building Corp. and Wilbur Fried, and the separate motion of the defendant HSNN Greens-Chester Well, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated insofar as asserted against the respondents.

On April 4, 2000, the plaintiff's predecessor-in-interest (hereinafter the purchaser) entered into a contract to buy approximately 113 acres of property in the Town of Chester from the defendant Arlington Building Corp. (hereinafter Arlington). The sale was conditioned, inter alia, upon final approval of a pending application to subdivide the property into 455 lots for residential development. Although the base purchase price was $8,000,000, the contract called for a down payment of only $5,000. Pursuant to the agreement, Arlington's attorney was to place the down payment in an interest-bearing escrow account. However, shortly after the contract signing the parties allegedly agreed to allow the purchaser's attorney to hold the down payment funds. The purchaser subsequently tendered a $5,000 down payment check to its attorney, but it is undisputed that the check was never deposited in the attorney's escrow account. According to the purchaser's principal, the down payment check was not to be deposited until its attorney received further information from either himself, Arlington's principal, or Arlington's attorney.

Following the execution of the contract in April 2000, the purchaser allegedly hired consultants to assist Arlington in obtaining the necessary governmental approvals for the project, and the parties collaborated on the project for over one year. However, in late 2001 Arlington's principal, Wilbur Fried, allegedly refused to go forward with the sale because property values in Orange County had substantially increased. The plaintiff, as the purchaser's successor-in-interest, then commenced this action against Arlington and Fried seeking, inter alia, specific performance as well as reformation of the contract to include two small adjacent lots of property not specified in the agreement. Also named as a defendant was HSNN Greens-Chester Well, Inc. (hereinafter HSNN), a separate corporation allegedly controlled by Fried which owns one of the adjacent lots the plaintiff seeks to have included in the agreement. After some discovery had been conducted, Arlington and Fried, and HSNN, separately moved for summary judgment dismissing the complaint, arguing, inter alia, that the purchaser's failure to make the required down payment was fatal to the agreement. The Supreme Court granted the defendants' motions, concluding as a matter of law that the purchaser had breached a material provision of the

contract by failing to instruct its attorney to deposit the down payment check. We reverse.

As a general rule, rescission of a contract is permitted "for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but . . . only for such as are material and willful, or, it not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract" (*Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 NY 268, 284 [1910]; *see Fitzgerald v Hudson Natl. Golf Club*, 11 AD3d 426 [2004]; *Lasker-Goldman Corp. v City of New York*, 221 AD2d 153 [1995]; *Babylon Assoc. v County of Suffolk*, 101 AD2d 207 [1984]; *O'Herron v Southern Tier Stores*, 9 AD2d 568 [1959]). Although the failure to make the down payment required by a standard real estate contract will generally constitute a material breach of the agreement warranting rescission (*see Daimon v Fridman*, 5 AD3d 426 [2004]; *Elghanayan v Forest Hills No. 2 Co.*, 123 AD2d 417; *Rawcliffe v Aguayo*, 108 Misc 2d 1027 [1981]), considering all of the circumstances of this case, including the disproportionately small amount of the down payment and the conduct of the parties, we find that an issue of fact exists as to whether the failure to deposit the down payment check was a material breach. Moreover, even assuming that the failure to deposit the down payment was a material breach, there are triable issues of fact as to whether Arlington was aware, or should have been aware, of this breach before the commencement of this litigation. Such knowledge on the seller's part would have triggered an obligation under the contract to notify the purchaser of its default, and provide an opportunity to cure (*see Daimon v Fridman, supra*). In addition, the plaintiff's allegation that the plaintiff and its predecessor collaborated with Arlington in seeking the necessary governmental approvals for the project for over one year after the execution of the contract raises an issue of fact as to whether the seller waived its right to rely upon the failure to deposit the down payment check as a basis for rescission, or should be estopped from arguing that the failure to deposit the down payment was a material breach (*see 1602 Ave. Y v Markowitz*, 274 AD2d 506 [2000]; *Savasta v 470 Newport Assoc.*, 180 AD2d 624 [1992], *affd* 82 NY2d 763 [1993]; *Gurino v Gabrielli*, 133 AD2d 136 [1987]).

The defendants' remaining contentions are without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.