■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Respondent, v SAM MANISCALCO, Appellant, et al., Defendants. [848 NYS2d 766]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lalor, J.), entered April 4, 2006 in Greene County, which, among other things, granted plaintiff's motion for summary judgment seeking foreclosure of a mortgage.

In early 2004, defendant Sam Maniscalco (hereinafter defendant) decided to refinance his home mortgage loan. In the course of the loan application process, he allegedly informed Michael Lederman, the president of Mortgage Source, a mortgage brokerage, of an outstanding judgment taken against him by his former counsel in the amount of $17,000. According to defendant, Lederman told him that Mortgage Source could establish an escrow account of $35,000 from the mortgage proceeds without satisfying the judgment, using its title insurance company as depositary, and that those funds could then be used to retain a lawyer to negotiate the judgment to a reduced amount. Defendant was allegedly also assured that, even if negotiations were unsuccessful, the escrow account could still be used to pay the judgment.

Thereafter, on June 22, 2004, the mortgage closing was scheduled at defendant's home with a notary public appearing to assist with the mortgage documents. Defendant asserts that

at the closing he was surprised to find no mention of the escrow agreement in the closing papers and was assured by both the notary public and Lederman, by telephone, that "everything was proper and the escrow agreement and its implementation would be carried out by [the law firm retained by Mortgage Source]." Defendant then executed a mortgage note with WMC Mortgage Corporation, the original lender and plaintiff's predecessor in interest, and also signed, among other things, notices regarding his right to cancel.

Subsequently, on July 2, 2004, defendant received checks and information relating to the closing that made it clear that WMC's counsel had paid the judgment in full rather than establishing an escrow account. Defendant left a message with the office of WMC's counsel indicating that he was "cancelling the mortgage." On July 8, 2004, defendant tried to rescind the mortgage by sending a letter to WMC's law firm and returning all the checks. WMC's counsel sent the checks back to defendant, advising him that his attempt to cancel the mortgage was untimely, he still owed money on the mortgage and the firm had no knowledge of the alleged escrow agreement. In August 2004, defendant failed to make his first payment on the mortgage and defaulted.

In January 2005, plaintiff commenced this mortgage foreclosure action. Defendant's amended verified answer asserted several affirmative defenses and a counterclaim requesting the rescission and cancellation of the promissory note and mortgage. Plaintiff moved for summary judgment foreclosing the mortgage and sought the appointment of a referee. Defendant cross-moved for summary judgment on his counterclaim. Supreme Court granted plaintiff's motion for summary judgment and denied defendant's cross motion, prompting this appeal.

Initially, defendant contends that Supreme Court erroneously granted plaintiff's motion for summary judgment. A plaintiff seeking to enforce an instrument for the payment of money has the initial burden of proving that the defendant executed the note and failed to make payments in compliance with its terms (*see Moezinia v Baroukhian*, 247 AD2d 452, 453 [1998]; *Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791 [1985], *affd* 67 NY2d 627 [1986]). Once a plaintiff has made this showing, the defendant must demonstrate the existence of a bona fide defense sufficient to defeat a motion for summary judgment (*see Lavelle v Urbach, Kahn & Werlin*, 198 AD2d 751, 751 [1993]; *Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.*, 115 AD2d 576, 576 [1985]).

Here, the record establishes that plaintiff met its initial

burden by demonstrating that defendant executed the note and mortgage agreement in June 2004 and, thereafter, defaulted by failing to make the first payment in August 2004. In response, defendant contends that he raised a triable issue of fact as to the bona fide defense of rescission of the loan. Upon review of the record, we cannot agree. The Federal Truth in Lending Act gives obligors, such as defendant, only until midnight of the third day after consummation of the loan to rescind (*see* 15 USC § 1635 [a]). Since defendant executed the subject note and mortgage agreement on June 22, 2004, but did not attempt to rescind until July 8, 2004, any attempt to rescind pursuant to federal law was untimely.

As for the issue of rescission under New York common law, a party to a contract is entitled to rescind where the other party has made a "substantial and fundamental" breach, but not where there has been merely a "slight, casual or technical breach" (*O'Herron v Southern Tier Stores*, 9 AD2d 568, 568 [1959] [internal quotation marks and citation omitted]; *see RR Chester, LLC v Arlington Bldg. Corp.*, 22 AD3d 652, 654 [2005]). Thus, defendant herein was required to demonstrate not only the existence of an escrow agreement, which plaintiff denies, but also that plaintiff breached such an agreement.

To prove the existence of an escrow agreement, it must be shown that there is " '(a) an agreement regarding the subject matter and delivery of the [funds], (b) a third-party depositary, (c) delivery of the [funds] to a third party conditioned upon the performance of some act or the occurrence of some event, and (d) relinquishment by [the grantor or depositor]' " (*Rock Oak Estates v Katahdin Corp.*, 280 AD2d 960, 962 [2001], quoting *Lennar Northeast Partners Ltd. Partnership v Gifaldi*, 258 AD2d 240, 243 [1999], *lv denied* 94 NY2d 754 [1999]; *see Calcagno v Drew*, 263 AD2d 939, 940 [1999]). Here, Supreme Court properly found no triable issues as to the existence of a valid escrow agreement based upon defendant's failure to proffer admissible evidence indicating that all of the elements were established.

For example, defendant's claim that there was an agreement that the original lender would hold $35,000 in escrow so that defendant could retain an attorney to negotiate the judgment lien held by his former attorneys is substantiated only by his own affidavit and a single line on a HUD-1 form from the closing, which states: "Escrow for two Judgments" next to a listed amount of $36,000. There is no other documentary proof or affidavit in the record showing, in admissible form, any of the terms or conditions of the alleged escrow agreement or corroborating defendant's "general and unsubstantiated" claim that Mortgage

Source's title company agreed to act as the depositary for the alleged escrow account (*Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887 [1997]). Significantly, in order to satisfy the third element of an escrow agreement, there must be some specific act or event which triggers the depositary's duty to deliver funds to a third party (*see Calcagno v Drew*, 263 AD2d at 940). Here, there is only defendant's allegation that, first, some of this money would be used to retain an attorney for the negotiations and, then, at some unspecified time, depending on how negotiations went, the lien would be removed by a reduced settlement or by payment in full out of the escrow account. Not only is this allegation uncorroborated by admissible evidence, it does not establish a clear duty for a depositary to deliver funds to the third party, in this case defendant's former law firm.

In any event, even assuming arguendo that defendant sufficiently proved both the existence of the escrow agreement and plaintiff's breach of the agreement by paying the full amount of the judgment immediately, his failure to raise an arguable issue that the breach was substantial enough to defeat the purpose of the entire contract would serve as a sufficient basis to affirm Supreme Court's order (*see O'Herron v Southern Tier Stores*, 9 AD2d at 568). Defendant's own affidavit states that his motivation for obtaining the mortgage was to refinance his home mortgage loan and, despite plaintiff's alleged breach, this primary purpose was successfully accomplished, even if he was frustrated in his hope of possibly paying less than the full amount of the judgment entered against him.

Defendant's remaining arguments, including his contention that Supreme Court erred in denying his cross motion for summary judgment, have been examined and found to be unpersuasive.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.