*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   February 23, 2017                     522983
_____

CITY OF SCHENECTADY,
                        Respondent,

        v

EDISON EXPLORATORIUM, INC.,                    MEMORANDUM AND ORDER
    Also Known as EDISON
    TECH CENTER,
                        Appellant.
_____


Calendar Date:   January 17, 2017

Before:   Peters, P.J., McCarthy, Egan Jr., Rose and Mulvey, JJ.


_____


        Law Office of Kathryn McCary, Schenectady (Kathryn McCary
of counsel), for appellant.

        Carol G. Falotico, Corporation Counsel, Schenectady, for
respondent.


_____


Rose, J.

        Appeal from an order of the Supreme Court (R. Sise, J.),
entered April 14, 2016 in Schenectady County, which, among other
things, partially granted plaintiff's motion for summary
judgment.

        On September 30, 2005, plaintiff entered into a contract to
convey adjoining buildings located at 132 and 136 Broadway in the
City of Schenectady, Schenectady County to defendant, a not-for-
profit corporation formed for educational purposes, for $1 and
other good and valuable consideration.  The contract required
defendant, within one year after the closing dates, to "do and
take such actions that are necessary to bring [each building]

into compliance with all applicable laws, rules and regulations" (hereinafter the compliance provision). The parties further agreed that, as "additional consideration" for the contract, defendant would not apply for a real property tax exemption as to 136 Broadway for a period of 20 years (hereinafter the tax exemption provision). Title to each property was then transferred to defendant. In August 2007, plaintiff's Bureau of Code Enforcement notified defendant that each property had been inspected and found to be in violation of the Code of the City of Schenectady. In addition, it is undisputed that, starting with the 2007 tax year, defendant applied for, and was granted, a real property tax exemption for both 132 and 136 Broadway.

In August 2011, plaintiff wrote to defendant stating that defendant had violated the compliance provision and the tax exemption provision and requesting that defendant take measures to cure this default. When defendant failed to do so, plaintiff commenced this action for rescission of the contract. Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court found that defendant had breached the compliance provision and that rescission was the proper remedy. As for the tax exemption provision, the court found that issues of fact existed as to whether plaintiff's decision to grant defendant's applications for a real property tax exemption constituted a waiver of that provision. Accordingly, the court partially granted plaintiff's motion and denied defendant's cross motion. Defendant now appeals.

Defendant argues that plaintiff failed to meet its summary judgment burden as to breach and rescission of the compliance provision and the tax exemption provision, respectively, and that, in any event, an issue of fact exists as to the affirmative defenses of laches and waiver. Turning first to the compliance provision, we find that plaintiff met its initial summary judgment burden of establishing that defendant breached this provision and thereby established a basis for rescission of the contract. "Rescission of a contract is permitted for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual or technical breach, but, as a general rule, only for such as are material and willful, or, if not willful, so

substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract" (O'Herron v Southern Tier Stores, 9 AD2d 568, 568 [1959] [internal quotation marks and citation omitted]; see Grace v Nappa, 46 NY2d 560, 566 [1979]; Mortgage Elec. Registration Sys., Inc. v Maniscalco, 46 AD3d 1279, 1281 [2007]; RR Chester, LLC v Arlington Bldg. Corp., 22 AD3d 652, 654 [2005]).

Here, plaintiff's proof demonstrated that the properties were inspected on July 31, 2007, at which time plaintiff's Housing Inspector observed numerous deficiencies to the facade of each property that violated the Code of the City of Schenectady, including damage to the masonry columns, wood facade and brickwork of 132 Broadway and deterioration of the stone veneer and the cement exterior of 136 Broadway.  In addition, plaintiff's Corporation Counsel submitted an affirmation stating that defendant never applied for a building permit to repair the facades, despite the fact that one of plaintiff's goals in entering into the contract "was to have the facade [of the properties] fully repaired (brought to code)."  Corroborating this, the record also establishes that the approval of the conveyances by plaintiff's City Council was predicated upon defendant's "agree[ment] to bring both parcels into compliance with [plaintiff's] building codes."  Further, the contract highlighted the importance of the compliance provision by reciting it twice – once for each property.

Contrary to defendant's argument, this evidence, coupled with the plain language of the contract requiring defendant to bring the properties "into compliance" with all applicable laws, leads to the logical conclusion that, at the time the contract was entered into, the facade of each property contained conditions that violated the Code of the City of Schenectady and that defendant failed to "do and take such actions" that were necessary to bring the properties into compliance within one year of the closing dates.  Further, plaintiff demonstrated that the compliance provision was an integral and material part of the contract and that defendant's breach substantially defeated the contract's purpose (compare RR Chester, LLC v Arlington Bldg. Corp., 22 AD3d at 654).  Plaintiff's proof also established that, under the circumstances presented here, rescission of the

contract is the only adequate remedy (compare Slezak v Stewart's Shops Corp., 133 AD3d 1179, 1180 [2015]).  In opposition, defendant failed to submit any evidence demonstrating that it did not breach the compliance provision or that rescission is not a proper remedy.

Turning next to the tax exemption provision, plaintiff again met its burden of showing a breach of the contract that was so substantial and fundamental as to make rescission the proper remedy.  In response, defendant argues that neither party had the authority to agree to the tax exemption provision pursuant to NY Constitution, article XVI, § 1 and RPTL 420-a and, therefore, Supreme Court should have found that it was unenforceable.  NY Constitution, article XVI, § 1 provides that real property tax exemptions may be granted to educational organizations by legislation and, once granted, may not be "altered or repealed." RPTL 420-a sets forth that educational organizations "shall be exempt from taxation" (RPTL 420-a [1] [a]).  Taken together, "[t]he Constitution and the State Legislature, in the furtherance of the general welfare, have established a clear policy that [educational] institutions are to be free, if they so choose, from local taxes" (Matter of PACER, Inc. v Planning Bd. of City of Middletown, 217 AD2d 47, 52 [1995] [emphasis added], lv denied 87 NY2d 810 [1996]).  Contrary to defendant's contention, we find that nothing in NY Constitution, article XVI, § 1 or RPTL 420-a prohibits an educational organization, such as defendant, from freely choosing to refrain from applying for a real property tax exemption.  Rather, the prohibition set forth is to restrain municipalities from denying a real property tax exemption to a statutorily exempt organization once an application has been submitted or attempting to extort the organization's waiver of the exemption (see e.g. Matter of PACER, Inc. v Planning Bd. of City of Middletown, 217 AD2d at 52).  Accordingly, we find that the tax exemption provision is enforceable.

Finally, defendant asserts that the doctrines of waiver and laches bar plaintiff from receiving any relief in this action and, therefore, Supreme Court should have dismissed the complaint.  As for the defense of laches, "[t]he essential element of this equitable defense is delay prejudicial to the opposing party" (Matter of Schulz v State of New York, 81 NY2d

336, 348 [1993] [internal quotation marks and citation omitted]; accord Capruso v Village of Kings Point, 23 NY3d 631, 641 [2014]). Here, defendant has failed to proffer any evidence demonstrating "that [plaintiff's] delay in bringing this action has caused [defendant even] the slightest harm" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 817 [2003], cert denied 540 US 1017 [2003]; compare Sparkling Waters Lakefront Assn., Inc. v Shaw, 42 AD3d 801, 803-804 [2007]). At best, defendant has offered no more than an unsupported and conclusory assertion that it has expended an unspecified amount of funds preserving and maintaining the properties. In view of this, defendant has failed to raise a triable issue of fact as to the defense of laches.

Turning to waiver, however, the record before us reflects that, regarding the compliance provision, plaintiff had no further contact with defendant between August 2007 and August 2011. In fact, although the August 2007 violation letters state that plaintiff would reinspect the properties in September 2007, the record is devoid of any evidence that this reinspection occurred or that plaintiff took any further steps to require defendant to adhere to the contract. As for the tax exemption provision, plaintiff undisputably granted defendant's yearly application for a real property tax exemption concerning 136 Broadway. Plaintiff maintains, however, that this was a result of an administrative error – namely, a lack of communication between the Corporation Counsel's office and the Department of Assessment. In our view, there are issues of fact as to whether plaintiff's actions in failing to reinspect the properties to ensure that defendant was adhering to the contract, granting defendant's application for a real property tax exemption and delaying the commencement of this action for rescission until September 2012 constitute "the intentional relinquishment of a known right" (Werking v Amity Estates, 2 NY2d 43, 52 [1956] [internal quotation marks and citation omitted], appeal dismissed 353 US 933 [1957]; see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988]). Thus, although we agree that rescission is the appropriate remedy for defendant's established breaches of the contract, rescission would be premature at this point because issues of fact exist as to defendant's affirmative defense of waiver.

Defendant's remaining contentions, to the extent not expressly addressed, have been examined and determined to be lacking in merit.

Peters, P.J., McCarthy, Egan Jr. and Mulvey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion for summary judgment; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court