New WTC Retail Owner LLC v Pachanga, Inc. (2018 NY Slip Op 02889)





New WTC Retail Owner LLC v Pachanga, Inc.


2018 NY Slip Op 02889


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6377 653169/16

[*1]New WTC Retail Owner LLC, Plaintiff-Appellant,
v
Pachanga, Inc., Defendant-Respondent.


Herrick Feinstein LLP, New York (Michael Berengarten and Jared Newman of counsel), for appellant.
Vigorito, Barker, Porter & Patterson, LLP, Valhalla (Leilani Rodriguez of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Crane, J.), entered September 20, 2017, which denied plaintiff's motion to dismiss the counterclaims, unanimously modified, on the law, to grant the motion as to the counterclaims for fraud and negligent misrepresentation, and otherwise affirmed, without costs.
The motion court correctly declined to dismiss the counterclaim for rescission of the parties' lease, which is based on the allegation that plaintiff breached the lease by failing to deliver the premises and the patio in tenant-ready condition on time (see Lasker-Goldman Corp v City of New York, 221 AD2d 153 [1st Dept 1995], lv dismissed 87 NY2d 1055 [1996]). Defendant's principal says in an affidavit that when plaintiff notified him that the premises was ready for occupancy, the premises was not in fact ready; he submitted supporting photographs of the condition of the premises, including the patio, at the time of delivery. Plaintiff failed to demonstrate that it delivered the premises in tenant-ready condition on time.
Plaintiff argues that pursuant to section 5.03 of the lease defendant agreed to accept delivery in "as is" condition, except as expressly provided in the lease, that the lease did not permit defendant to rescind based on the condition of the premises, that there was no firm delivery date, and that the lease expressly made RPL 223-a inapplicable [FN1]. However, defendant presented evidence that supports the allegations pleaded in the counterclaim that plaintiff intentionally caused the delay, in which event the otherwise generally enforceable exculpatory clause in the lease would not avail plaintiff (see Bovis Lend Lease LMB v GCT Venture, 6 AD3d 228 [1st Dept 2004]; LoDuca Assoc., Inc. v PMS Constr. Mgt. Corp., 91 AD3d 485 [1st Dept 2012]). Defendant submitted an affirmation by counsel for a party (a potential tenant) sued in another action by plaintiff that was prepared for use in opposition to plaintiff's motion to dismiss the party's counterclaim for fraud in the inducement. The affirmation suggests that plaintiff knew before the contract was executed that it would be unable to deliver the premises within a reasonable time of the estimated date provided in the contract. Since defendant did not have the opportunity to conduct discovery on this issue, both the rescission counterclaim and the counterclaim for breach of contract were correctly sustained.
The counterclaim for fraud in the inducement should be dismissed, because sections 5.03 and 27.02 of the lease provided that no representations were made to defendant about the [*2]suitability of the premises for defendant's use, that defendant waived any claim for delay damages, that the lease superseded all prior agreements between the parties and set forth all their agreements, and that no representations were made about the issues relevant to the counterclaim (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC, 19 AD3d 273, 275 [1st Dept 2005]).
The counterclaim for negligent misrepresentation should be dismissed, because there was no special, privity-like relationship between the parties that imposed a duty on plaintiff to impart correct information to defendant (see J.P. Morgan Sec. Inc. v Ader, 127 AD3d 506 [1st Dept 2015]). The parties were engaged in an arm's-length business transaction (see Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491 [1st Dept 2006]).
The court correctly declined to dismiss the counterclaim for breach of the covenant of good faith and fair dealing (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]). The aforementioned affirmation saying that plaintiff knew before executing the contract at issue in the other action that the premises would not be delivered on time, due to a dispute with the Port Authority, sufficiently supports this counterclaim's allegations for the purpose of withstanding a 3211 dismissal motion.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK



Footnotes

Footnote 1: RPL 223-a provides that in every lease there is implied a condition that the lessor will deliver possession at the beginning of the term, and that in the event of a breach of this implied condition the lessee will have the right to rescind the lease and recover consideration paid.