JAMES V. ALAIMO, Appellant, v FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Respondent.

Fourth Department, May 21, 1976

*Joseph W. Alaimo* for appellant.

*Robinson, Williams, Robinson & Angeloff (Donald Mott* and *Mitchell T. Williams* of counsel), for respondent.

MARSH, P.J. Plaintiff alleges in his complaint that defendant, First Federal Savings and Loan Association of Rochester, loaned to plaintiff's corporation, Alvil, Inc., $119,000 secured by a mortgage upon the corporate premises. On the same day (Jan. 28, 1970) plaintiff guaranteed payment of the mortgage indebtedness of Alvil, Inc. by signing a bank form instrument of guarantee. On January 29, 1970 a policy of insurance was taken out on the mortgaged premises in an amount not exceeding $119,000 with loss payable to the defendant mortgagee as its interest should appear. On July 28, 1970 while the policy of insurance was in force the mortgaged premises were destroyed by fire. Alvil, Inc. filed proof of loss with the insurance company and retained Alaimo & Burgess to commence an action against the insurance company, which action was commenced June 10, 1971 against the Lumber Mutual Fire Insurance Company of Boston, Massachusetts.

The insurance company served an answer to the amended complaint. Counsel for Alvil, Inc. and the mortgagee determined that the defenses asserted in the answer were without merit and the case was ripe for summary judgment. It appears that defendant mortgagee First Federal Savings and Loan Association of Rochester notified counsel for Alvil, Inc. that it preferred to handle the summary judgment motion by its own counsel. Summary judgment was granted on February 24, 1972 with respect to liability, and damages were established by trial of the damages only, in the amount of $111,500. Computing interest at 6% per annum from 30 days after the claim was filed with the fire insurance carrier, the defendant received $122,800. On the date of the fire, July 27, 1970, the balance due upon the mortgage indebtedness including interest was $118,668.31. After applying the proceeds of the fire policy to the mortgage indebtedness, $39,736 remained due upon the mortgage, which comprised interest running at 10%

per annum together with costs of a foreclosure proceeding. On October 29, 1973 defendant proceeded to institute foreclosure proceedings on the mortgage against Alvil, Inc.

The instant suit sought to declare plaintiff's guarantee of the mortgage indebtedness void, due to acts of the mortgagee which impaired the security for the mortgage debt.

Plaintiff moved for an order permitting him to serve a supplemental reply setting up acts which occurred after commencement of the action and for an order striking out defendant's answer and dismissing defendant's counterclaim upon the ground that defendant's counterclaim is based upon the failure to obtain the full amount of the mortgage indebtedness in the foreclosure proceeding whereas plaintiff asserts that defendant obtained full satisfaction of the indebtedness in such proceeding. In his affidavit accompanying the motion plaintiff avers that judgment of foreclosure and sale of the mortgaged premises was obtained in defendant's foreclosure proceeding against the mortgaged premises on January 31, 1974; as appears upon the judgment, the referee sold the mortgaged premises on March 4, 1974 to defendant for the sum of $42,239.51, that amount constituting the entire balance owed by Alvil, Inc. to the defendant including interest, costs, allowances and expenses of the sale; and that the acquisition of the mortgaged premises upon bidding in the entire amount due under the mortgage constituted a complete satisfaction of the mortgage indebtedness.

The referee's report of sale attached to plaintiff's proposed supplemental reply establishes as a matter of legal record that the mortgaged premises were sold by the referee on March 4, 1974 at 10:30 A.M. at the Ontario County Court House in the City of Canandaigua, County of Ontario, New York. The report of sale continues: "SECOND-That at the time and place for which the said sale was noticed as aforesaid, I attended in person, and, agreeable to such notice, offered the said mortgaged lands and premises for sale to the highest bidder, and sold the same to First Federal Savings and Loan Association of Rochester, plaintiff, for the sum of $42,239.51 that being the highest sum bid therefor."

In its counterclaim defendant seeks to recoup from plaintiff upon his guarantee of the Alvil, Inc. mortgage indebtedness the $40,245.66 which would remain due after subtracting the proceeds received by defendant from the fire insurance carrier. Defendant's proposed supplemental reply relates to the

foreclosure and sale by the referee subsequent to the service of defendant's answer and counterclaim.

Special Term denied plaintiff an order permitting service of a supplemental reply and granted defendant judgment upon its counterclaim with the question of the amount due defendant under plaintiff's guarantee subject to establishment at a later hearing. In *Whitestone Sav. & Loan Assn. v Allstate Ins. Co.* (28 NY2d 332) the Court of Appeals considered the question of satisfying the mortgage indebtedness where the mortgagee bids at the foreclosure sale the full amount of the mortgage indebtedness. The court determined that a mortgagee extinguishes the mortgage indebtedness where the full amount is bid in at the foreclosure sale.

"The rule is not harsh and is eminently practical. None disputes that the mortgagee is entitled to recover only his debt. Any surplus value belongs to others, namely, the mortgagor or subsequent lienors. Indeed, it is not conceivable that the mortgagee could recover a deficiency judgment against the mortgagor if it had bid in the full amount of the debt at foreclosure sale. To allow the mortgagee, after effectively cutting off or discouraging lower bidders, to take the property —and then establish that it was worth less than the bid— encourages fraud, creates uncertainty as to the mortgagor's rights, and most unfairly deprives the sale of whatever leaven comes from other bidders. Mortgagees have the obvious opportunity to bid only so much of the debt as equals the value of the property, and if someone else wishes to bid the same or more, so much the better for every other party concerned with the property." *(Whitestone Sav. & Loan Assn.v Allstate Ins. Co., supra,* p 337.)

In opposing plaintiff's motion to serve a supplemental reply and strike defendant's answer and counterclaim, defendant asserts that the property obtained on the foreclosure by bidding in the amount of its mortgage indebtedness was worth only $18,000. As support for this assertion defendant presents the unsworn appraisal of two of its own employees.

The *Whitestone* case requires that defendant's counterclaim and answer be stricken and that summary judgment be granted to the plaintiff, determining the extinguishment of his guarantee by satisfaction of the full amount of the mortgage indebtedness in the foreclosure proceedings. Defendant bid the full amount of the mortgage indebtedness in the foreclosure proceeding at the sale, also attended by plaintiff's representa-

tive, thereby obtained complete satisfaction of its mortgage indebtedness, and thus plaintiff is relieved of further liability upon its guarantee of the mortgage indebtedness running in defendant's favor.

The judgment and order appealed from should be reversed and summary judgment granted in favor of plaintiff declaring him released of liability upon his guarantee to the defendant of the mortgage indebtedness of Alvil, Inc.

CARDAMONE, DILLON, GOLDMAN and WITMER, JJ., concur.

Order and judgment unanimously reversed, with costs and summary judgment granted to plaintiff in accordance with opinion by MARSH, P.J.