■ MARK SHAPIRO et al., Appellants, v SNOW BECKER KRAUSS P. C., Respondent. [617 NYS2d 470] Judgment, Supreme Court, New York County (Carol Huff, J.), entered July 28, 1993, which granted defendant's cross motion for summary judgment and dismissed plaintiffs' complaint, unanimously affirmed. Appeal from order of the same court and Justice, entered July 2, 1993, unanimously dismissed as subsumed in the appeal from the judgment, without costs.

The IAS Court correctly held that defendant could not be held liable as an escrow agent, it being undisputed that the purported agreement between plaintiff Carole Shapiro and defendant's client, Tolk, was never communicated to defendant before it disbursed the money given to it by Tolk, and to Tolk by plaintiffs, in accordance with Tolk's instructions (see, 55 NY Jur 2d, Escrows, § 19). That the check plaintiffs gave Tolk was made payable to defendant's escrow account did not transform defendant into an escrow agent with a fiduciary duty to inquire of plaintiffs as to any conditions attached to the payment of the check (see, Farago v Burke, 262 NY 229, 233). Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.

■ TRANSAMERICA INSURANCE COMPANY, as Subrogee of STEVEN HERMAN, M.D., P. C., Respondent, v 615 COMPANY, Appellant. [618 NYS2d 217] —Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered on or about February 22, 1994, which denied defendant's motion for summary judgment, unanimously affirmed, with costs.

The IAS Court correctly framed the issue to be "whether the damage is to tenant's property or to fixtures", and correctly found such to be an issue of fact (Matter of Dormitory Auth. [Milo Press], 172 AD2d 401) that precludes a summary determination of whether the waiver of subrogation clause is applicable (see, Continental Ins. Co. v Faron Engraving Co., 179 AD2d 360; Viacom Intl. v Midtown Realty Co., 193 AD2d 45, 54). Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.