■ JOHN GALTIERI et al., Appellants, v MARTIN R. KRAMER, Respondent. [648 NYS2d 144] —In an action to recover damages for conversion of a check, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 6, 1995, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs tendered a check to the defendant, an attorney, "in full satisfaction" of an existing debt owed to the defendant's client. Although the defendant deposited the check in his "attorney trust account", he did so "without prejudice" to his client's rights. In response, the plaintiffs commenced the present action against the defendant for conversion. They alleged, *inter alia,* that the defendant was guilty of conversion by accepting the check "in violation of the instructions given for it's *[sic]* purpose and use".

The plaintiffs' complaint was properly dismissed. "Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of superior possessory right of another in the property" *(Meese v Miller,* 79 AD2d 237, 242; *see, Matter of White v City of Mount Vernon,* 221 AD2d 345; *Della Pietra v State of New York,* 125 AD2d 936, *affd* 71 NY2d 792). Once the defendant accepted the check tendered by the plaintiffs in the instant case, the plaintiffs no longer had a possessory right to it. Nor did the defendant's reservation of his client's rights give rise to a cause of action by the plaintiffs to recover damages for conversion. The plaintiffs' payment of an existing debt with a UCC article 3 instrument *(see,* UCC 3-104 [2] [b]) permitted the defendant to accept payment while still reserving his client's rights *(see,* UCC 1-207; *Horn Waterproofing Corp. v Bushwick Iron & Steel Co.,* 66 NY2d 321). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.