(September 27, 1999)

■ ANCELL'S WORLD OF INTERIORS, INC., Appellant-Respondent, v RICHARD J. TRAUNER, Respondent, MEL WEIN-

TRAUB, Respondent-Appellant, NATHAN S. ANCELL, Appellant, et al., Defendants. [695 NYS2d 401] —In an action, *inter alia*, to recover damages for conversion, (1) the plaintiff, Ancell's World of Interiors, Inc., and the counterclaim defendant, Nathan S. Ancell, appeal, as limited by their notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Friedman, J.), entered May 27, 1998, as, after a nonjury trial and upon a decision of the same court entered April 16, 1998, is in favor of the defendant and counterclaim plaintiff Richard J. Trauner and against the counterclaim defendant Nathan S. Ancell in the principal sum of $25,000 on the counterclaim to recover damages for breach of an agreement, and the defendant Mel Weintraub separately appeals from so much of the same judgment as is in favor of the plaintiff and against him in the principal sum of $13,300, and (2) the plaintiff, Ancell's World of Interiors, Inc., appeals from an order of the same court entered August 10, 1998, which denied its motion pursuant to CPLR 4404 (b) to modify the judgment to the extent of directing the defendant Mel Weintraub to return certain antiques to it instead of paying damages in the principal sum of $13,300.

Ordered that the appeal by the plaintiff from the judgment is dismissed, without costs or disbursements, as it is not aggrieved by the portion of the judgment from which the appeal is taken; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the counterclaim defendant, Nathan S. Ancell; and it is further,

Ordered that the judgment is reversed insofar as appealed from by the defendant Mel Weintraub, on the law, and the complaint is dismissed insofar as it is asserted against that defendant; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Mel Weintraub, payable by the plaintiff.

We find that the Supreme Court erred in awarding damages in the principal sum of $13,300 to the plaintiff against the defendant Mel Weintraub on the cause of action to recover damages for conversion. Conversion requires a showing that a defendant exercised unauthorized dominion or control over a plaintiff's property (*see, Vigilant Ins. Co. v Housing Auth.*, 87 NY2d 36, 44; *Galtieri v Kramer*, 232 AD2d 369; *Wright v Connor*, 228 AD2d 493; *Matter of White v City of Mount Vernon*, 221 AD2d 345). Here, the plaintiff's president and chief operating officer, the defendant Richard J. Trauner, authorized a

merchandise credit to Weintraub in the amount of $13,300 after certain items Weintraub had purchased from the plaintiff were appraised. Thus Weintraub obtained the merchandise lawfully, and the plaintiff had no possessory rights thereto (*see, Galtieri v Kramer, supra*).

The remaining contentions of the plaintiff and counterclaim defendant Nathan S. Ancell are without merit. Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.