■ Nicolas El-Khoury, Respondent, v Eugene Karasik et al., Appellants. [697 NYS2d 299] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated March 19, 1999, as (a) denied their motion, *inter alia,* to dismiss the first, fourth, fifth, and seventh causes of action, and (b) granted the plaintiff's cross motion for partial summary judgment to the extent of determining that the defendant Metropolitan Medical Care, P. C., breached its contract with the plaintiff by terminat-

ing his employment and that the plaintiff was entitled to compensation for the period June 1, 1997, to August 1, 1998, and that he was entitled "to free access to all financial data relating to the practice in the facility at all times for purposes of verifying his compensation, and to audit the books and records".

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the seventh cause of action and substituting therefor a provision granting that branch of the motion, and by deleting the provision thereof granting that branch of the cross motion which was for partial summary judgment to the extent of finding that the defendant Metropolitan Medical Care, P. C., breached its contract with the plaintiff by terminating his employment and that the plaintiff was entitled to compensation for the period June 1, 1997, to August 1, 1998, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the seventh cause of action is dismissed.

The plaintiff, *inter alia*, sought damages arising out of a contract dispute regarding his compensation for medical work performed at the defendants' medical facility. The court improperly found that the defendant Metropolitan Medical Care, P. C., breached its contract with the plaintiff by terminating his employment and that he was entitled to compensation for the period June 1, 1997, to August 1, 1998, inasmuch as he failed to make a prima facie showing of entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562).

It was error to deny that branch of the defendants' motion which was to dismiss the seventh cause of action alleging conversion. A cause of action to recover damages for conversion requires a showing that the defendants exercised unauthorized dominion over the plaintiff's property to the exclusion of the plaintiff's rights (*see, Galtieri v Kramer,* 232 AD2d 369; *Matter of White v City of Mount Vernon,* 221 AD2d 345, 346). Here, the plaintiff failed to make a sufficient showing to support this cause of action.

However, contrary to the defendants' contentions, the court properly determined that the plaintiff was entitled to free access to the facility's books and records. A fiduciary relationship existed, by virtue of the parties' status as employer and independent contractor in a professional corporation whereby the

parties agreed that the plaintiff would perform medical services for patients in return for a percentage of the revenue collected by the defendants. In addition, the plaintiff relied on the defendants' representations as to the amount collected (*see, Chalasani v State Bank of India,* 235 AD2d 449, 450).

With respect to the claim of fraud, as alleged in the fifth cause of action, we find that the allegation of promises made and the acts of fraudulent conduct asserted against the defendants in the complaint were sufficient to withstand a motion to dismiss (*see,* CPLR 3016 [b]; *Mazarella v Electropep Datacom Prods.,* 241 AD2d 513).

The parties' remaining contentions are without merit. Joy, J. P., Friedmann, Schmidt and Smith, JJ., concur.