■ VICKI A. MARSHALL et al., Respondents, v MANUEL VILAR III, Appellant, et al., Defendants. [756 NYS2d 430] —In an action, inter alia, to recover damages for fraud and conversion, the defendant Manuel Vilar III appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated January 24, 2002, as denied those branches of his motion which were for summary judgment dismissing the second, third, fourth, fifth, and sixth causes of action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

Vicki A. Marshall (hereinafter the plaintiff) and Gardiners Bay Consultants, Inc. (hereinafter the corporation), commenced this action against Marshall's former boyfriend, Manuel Vilar III (hereinafter the defendant), and his parents, alleging seven causes of action relating to the transfer, sale, or conversion of property following the couple's break-up. The causes of action sound in fraud, breach of contract, and conversion, and the imposition of a constructive trust was among the remedies sought.

At issue is the Supreme Court's denial of the defendant's motion for summary judgment dismissing the second cause of action (alleging breach of an oral contract regarding short-term continued residence in the home they had built together), the third cause of action (sounding in fraud), the fourth cause of action (alleging breach of an oral contract to purchase the plaintiff's shares in the corporation), the fifth cause of action (alleging tortuous interference with contracts of the corporation), and the sixth cause of action (alleging conversion of equipment and files).

When considering the competing contentions on a motion for summary judgment, the opponent is entitled to the benefit of every favorable inference that may be drawn from the pleadings, affidavits, and competing contentions of the parties (*see Ingle v Glamore Motor Sales,* 73 NY2d 183, 194 [1989]; *Myers v Fir Cab Corp.,* 64 NY2d 806 [1985]). Summary judgment is inappropriate where questions of fact or credibility are raised that require a trial (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439 [1968]).

After the defendant made out a prima facie case for summary judgment, the plaintiff raised triable issues of fact with respect to, among other things, agreements for compensation for the transfer of the house and business, that make summary judgment inappropriate on the causes of action at issue (*see Zuckerman v City of New York, supra; Glick & Dolleck v Tri-Pac Export Corp., supra*).

Furthermore, contrary to the defendant's contentions, the elements necessary to support a claim of fraud have been pleaded with sufficient particularity to inform him of the circumstances constituting the wrong (*see* CPLR 3016 [b]; *Crafton Bldg. Corp. v St. James Constr. Corp.*, 221 AD2d 407, 408 [1995]).

The defendant's remaining contentions are without merit. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.