■ ERIC GOLDFINE et al., Appellants, v FRANK E. DeESSO, Respondent, et al., Defendants. [766 NYS2d 215] —In an action,

inter alia, to recover damages for fraud, the plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Hickman, J.), entered February 15, 2002, which, upon an order of the same court dated January 22, 2002, granting the motion of the defendant Frank E. DeEsso pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the causes of action alleging violation of an escrow agreement, for an accounting, for money had and received, alleging conversion, and alleging fraud in connection with the July 8, 1998, closing on a mortgage loan for premises located at 33 and 35 City Terrace in Newburgh; as so modified, the judgment is affirmed, without costs or disbursements, and the order dated January 22, 2002, is modified accordingly.

The plaintiffs loaned funds to various defendants in a series of real estate transactions. The defendant Frank E. DeEsso, an attorney, represented the defendant borrowers. In certain transactions he also acted as closing attorney for Artesian Abstract, the agent for Old Republic National Title Insurance Company.

The complaint generally alleged that the defendants defrauded the plaintiffs by, among other things, mortgaging real property they did not own. The plaintiffs also alleged that by failing to record the plaintiffs' mortgage agreements and either selling or further encumbering the properties, the defendants caused the plaintiffs to lose their priority of lien against the properties. The complaint alleged that DeEsso issued false attorney opinion letters, violated an escrow agreement, aided and abetted the fraudulent loan transactions, failed to disclose conflicts of interest, and improperly retained escrowed monies. DeEsso successfully moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

We agree that the complaint failed to state a cause of action for negligent misrepresentation against DeEsso. The negligent misrepresentation cause of action was devoid of factual allegations that there was either actual privity of contract between the plaintiffs and DeEsso, or that a relationship existed which approached that of privity (see Securities Inv. Protection Corp. v BDO Seidman, 95 NY2d 702, 711-712 [2001]; Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 80 NY2d 377, 382; Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424 [1989]).

However, we do not agree that all the causes of action against DeEsso sounding in fraud should have been dismissed. While most of them did not contain specific allegations which would give rise to a duty to speak on the part of DeEsso (*see* CPLR 3016 [b]; *Thaler & Gertler v Weitzman,* 282 AD2d 522 [2001]; *Kimmell v Schaefer,* 89 NY2d 257, 263 [1996]; *Nasaba Corp. v Harfred Realty Corp.,* 287 NY 290 [1942]), DeEsso failed to demonstrate that this is the case with respect to the July 8, 1998, transaction involving a mortgage loan to the defendant Carrera Equities for premises located at 33 City Terrace and 35 City Terrace in Newburgh. At that closing, DeEsso, who allegedly represented both the borrower and the title closer, failed to disclose material information to the plaintiff Eric Goldfine Self Employed Retirement Plan and Trust (herein after SERPT) (*see Merrill Lynch, Pierce, Fenner & Smith v Chipetine,* 221 AD2d 284 [1995]). The plaintiffs allege, in effect, that this omission was intended to and did mislead SERPT into believing in the priority of the mortgage loan it was making. The purpose of requiring that fraud be pleaded with particularity is to inform the defendant of the circumstances constituting the wrong (*see Marshall v Vilar,* 303 AD2d 466 [2003]). This was accomplished here.

Furthermore, we conclude that the plaintiffs adequately pleaded causes of action to recover damages for violation of an escrow agreement (*see Farago v Burke,* 262 NY 229 [1933]; *Grinblat v Taubenblat,* 107 AD2d 735 [1985]), conversion (*see El-Khoury v Karasik,* 265 AD2d 372 [1999]; *Galtieri v Kramer,* 232 AD2d 369 [1996]), for an accounting (*see Adam v Cutner & Rathkopf,* 238 AD2d 234, 242 [1997]), and for money had and received (*see Parsa v State,* 64 NY2d 143 [1984]) insofar as asserted against DeEsso. Accordingly, we reinstate those causes of action against DeEsso.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.