THE NATIONAL BANK OF GENEVA, Respondent, v CASE CREDIT CORPORATION et al., Appellants. (Appeal No. 1.) [828 NYS2d 749]—

Appeal from an order of the Supreme Court, Ontario County (Kenneth R. Fisher, J.), entered June 27, 2005. The order, among

other things, denied defendants' cross motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and dismissing the amended complaint and as modified the order is affirmed without costs.

Memorandum: In appeal No. 1, Case Credit Corporation and Case Corporation (collectively, Case defendants) appeal from an order that, inter alia, denied their cross motion seeking summary judgment dismissing the amended complaint against them. As against the Case defendants, plaintiff asserted a claim for conversion of the proceeds of farm equipment owned by Devine Farms, LLC, Anita Devine, Timothy Devine and Robert Devine (collectively, Devine defendants) in violation of plaintiff's rights as a secured creditor, and plaintiff also asserted a claim for unjust enrichment against them. The Devine defendants had traded farm equipment toward the purchase of other farm equipment (hereafter, new equipment) from defendant White's Farm Supply, Inc. (WFS). The purchase of the new equipment was financed by the Case defendants, and the Devine defendants were given an allowance for the original equipment that was traded on the purchase of the new equipment. After purchasing the new equipment, however, the Devine defendants defaulted on their obligations to plaintiff, and plaintiff and the Devine defendants entered into a settlement agreement pursuant to which plaintiff released its security interest in both the original and the new equipment. Plaintiff acknowledges that the security interest obtained with respect to the original equipment continued in the new equipment (see UCC 9-315 [a] [1], [2]; *Badillo v Tower Ins. Co. of N.Y.*, 92 NY2d 790, 794 [1999]), but plaintiff contends that the Case defendants received the proceeds of the original equipment by assignment from WFS in connection with the sale of the new equipment. We reject that contention, and we conclude that Supreme Court erred in denying the cross motion of the Case defendants. We therefore modify the order in appeal No. 1 accordingly.

"[T]o establish a conversion claim, '[i]t need only be shown that a plaintiff had . . . an immediate superior right of possession to the identifiable fund and [that defendants exercised] unauthorized dominion over the [proceeds] in question to the exclusion of plaintiff's rights' " (*Bank of India v Weg & Myers*, 257 AD2d 183, 191 [1999]). Although plaintiff is correct that it had a superior right to the proceeds of the original equipment (see UCC 9-203 [f]), we cannot agree with plaintiff that the Case defendants exercised unauthorized dominion or control over ei-

ther the original equipment or the proceeds from the sale of that equipment, i.e., the discount on the purchase of the new equipment (*cf. Bank of India*, 257 AD2d at 191-192). We also reject plaintiff's contention that the proceeds of the original equipment were assigned to the Case defendants by WFS pursuant to the purchase agreement between the Devine defendants and WFS. Rather, we conclude that the Devine defendants received the proceeds from the sale of the original equipment by way of a discount on the new equipment (*see* UCC 9-102 [a] [64]; 9-203 [f]). The Case defendants established that they did not exercise dominion and control over the proceeds of the original equipment, and such dominion and control is a necessary element of a conversion claim (*see Bank of India*, 257 AD2d at 191). They further established that they were not unjustly enriched at the expense of plaintiff (*see generally State of New York v Barclays Bank of N.Y.*, 76 NY2d 533, 540-541 [1990]), and plaintiff failed to raise an issue of fact with respect to either claim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The issues raised by the Case defendants in appeal No. 2 that are not moot in light of our determination in appeal No. 1 are whether the court erred in granting that part of plaintiff's motion to strike their first counterclaim, for abuse of process, and in granting that part of plaintiff's motion for costs and expenses. We conclude that the court properly granted that part of plaintiff's motion with respect to the counterclaim, inasmuch as the record is devoid of evidence that plaintiff intended to harm the Case defendants "without excuse or justification" through its use of discovery or that plaintiff used discovery "in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). We further conclude, however, that the court erred in granting that part of the motion of plaintiff for the costs and expenses incurred with respect to its discovery motions. There is no evidence in the record before us that the Case defendants refused to comply with a discovery order or willfully failed to disclose information (*see* CPLR 3126). We therefore modify the order in appeal No. 2 accordingly, and we reverse the order in appeal No. 3, which awarded plaintiff costs and expenses in the amount of $6,847.50. Present—Scudder, P.J., Hurlbutt, Gorski and Martoche, JJ.