■ FIVE STAR BANK, as Successor to NATIONAL BANK OF GENEVA, Respondent, v CNH CAPITAL AMERICA, LLC, as Successor to CASE CREDIT CORPORATION and NEW HOLLAND CREDIT CORPORATION, et al., Defendants, and WHITE'S FARM SUPPLY, INC., Appellant. [865 NYS2d 190]—

Appeal from a judgment of the Supreme Court, Ontario County (Kenneth R. Fisher, J.), entered July 19, 2007. The judgment was entered in favor of plaintiff and against defendant White's Farm Supply, Inc. upon plaintiff's motion for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, summary judgment is granted in favor of defendant White's Farm Supply, Inc. and the second amended complaint is dismissed.

Memorandum: Supreme Court erred in granting plaintiff's motion seeking summary judgment on the second amended complaint against defendant White's Farm Supply, Inc. (WFS). Plaintiff, as successor to the National Bank of Geneva (NBG), commenced this action asserting, inter alia, a cause of action for conversion with respect to farm equipment owned by Devine Farms, LLC, Anita Devine, Timothy Devine and Robert Devine (collectively, Devine defendants), allegedly in violation of plaintiff's rights as a secured creditor. In a prior related appeal, we granted the cross motion of Case Credit Corporation and Case Corporation (Case defendants) for summary judgment dismissing the amended complaint of NBG against them (*National Bank of Geneva v Case Credit Corp.*, 37 AD3d 1169 [2007]). We note at the outset that, although WFS appealed from the order granting plaintiff's motion rather than from the subsequent judgment in which the order was subsumed, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

It is undisputed that the Devine defendants and NBG entered into a security agreement pursuant to which certain farm equipment and other collateral owned by the Devine defendants secured a line of credit extended by NBG to the Devine defendants. NBG perfected its security interest by filing financing statements (*see generally* UCC 9-310 [a]). Thereafter, the Devine defendants purchased new equipment from WFS and traded in the secured equipment, the value of which was credited against the purchase price of the new equipment. The

Devine defendants subsequently defaulted on their obligation to NBG, whereupon NBG commenced the aforementioned action. Although NBG amended its complaint to include WFS as a defendant, it is further undisputed that WFS had sold the equipment in the course of its business prior to the commencement of NBG's action against it. WFS is the only remaining defendant in the action commenced by plaintiff.

"To establish a cause of action in conversion, 'the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights' " (*Castaldi v 39 Winfield Assoc.,* 30 AD3d 458, 459 [2006]; *see Colavito v New York Organ Donor Network, Inc.,* 8 NY3d 43, 49-50 [2006]; *Meese v Miller,* 79 AD2d 237, 242-243 [1981]). Here, although WFS exercised dominion and control over the secured equipment, we conclude that the exercise of dominion and control was not unauthorized until the equipment was sold. Prior to the sale of the equipment, NBG had the right to demand the equipment from WFS and, had it done so, WFS would have been required to turn over the equipment to NBG (*see Bank of India v Weg & Myers,* 257 AD2d 183, 190 [1999]). Thus, we conclude that the court erred in determining that there was a conversion by WFS at the time it accepted the equipment as partial payment on the new equipment. We further conclude, however, that the court properly determined that plaintiff established that WFS converted the equipment when it sold the equipment in the course of its business (*see id.* at 191-192; *cf. National Bank of Geneva,* 37 AD3d at 1170-1171; *Ancell's World of Interiors v Trauner,* 264 AD2d 789, 790-791 [1999]).

Nevertheless, the court erred in granting plaintiff's motion inasmuch as plaintiff failed to establish that it sustained any damages based on the conversion by WFS. Prior to the commencement of NBG's action against WFS, the Devine defendants and NBG entered into a settlement agreement whereby the Devine defendants paid a portion of the entire indebtedness and NBG released the liens on the collateral, released the Devine defendants from the obligation of the security agreement, and satisfied the debt. Although the settlement agreement provided that NBG was entitled to apply any proceeds it obtained from the action against the Case defendants to the total indebtedness, it failed to reserve its rights with respect to other potential defendants that may have interfered with its secured interest in the collateral. Because the obligation of WFS to plaintiff originated in the security agreement between NBG and the

Devine defendants (*see generally* UCC 9-315 [a] [1], [2]), and the debt obligation of the Devine defendants was satisfied by the settlement agreement, there is no debt against which to apply any damages obtained from WFS. It is well established that a creditor is "entitled to one satisfaction of [its] debt and no more" (*Whitestone Sav. & Loan Assn. v Allstate Ins. Co.*, 28 NY2d 332, 335 [1971]; *see generally Alaimo v First Fed. Sav. & Loan Assn. of Rochester*, 52 AD2d 251, 254 [1976], *affd* 42 NY2d 1030 [1977]). Thus, under the circumstances of this case, we search the record pursuant to CPLR 3212 (b) and grant summary judgment dismissing the second amended complaint against WFS, a nonmoving party (*see generally Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111 [1984]). " '[I]n view of the uncontroverted proof in the record, there is no basis upon which relief might be granted to plaintiff on the [second amended] complaint' " (*Rochester Home Equity v Guenette*, 6 AD3d 1119, 1120 [2004]). Present—Scudder, P.J., Hurlbutt, Green and Gorski, JJ.