■ MEL EHRLICH et al., Appellants, v RANDOLPH FROEHLICH et al., Respondents, et al., Defendant. [903 NYS2d 400]—

In an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Austin, J.), dated May 6, 2008, which granted the respective motions of the defendants Randolph Froehlich, Paul V. Craco, and Mark Mermel for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs. ·

The plaintiff Mel Ehrlich paid a $10,000 loan commitment fee to a commercial lender, and wired the sum of $145,000 to the escrow account of the defendant attorney Mark Mermel at the request of his son, the plaintiff Daniel Ehrlich, and the defendant Michael Loturco, in furtherance of their plan to form an entity to purchase a parcel of real property (hereinafter the property) owned by the defendant Randolph Froehlich. By the time this payment and transfer were made, a nominee of the defendant Christopher Companies, Ltd. (hereinafter CCL), had contracted with Froehlich to purchase the property, CCL had deposited the sum of $100,000 with Froehlich as a down payment towards the purchase of the property, and CCL had commenced an action against Froehlich for specific performance of that contract. Mel Ehrlich wired the $145,000 to Mermel, as the attorney for CCL, in settlement of that action, with the intention that the entity to be formed by Daniel Ehrlich and Loturco would step into the shoes of CCL as purchaser of the property. The evidence shows that Mel Ehrlich made the payments of $10,000 and $145,000, respectively, as loans to the entity to be formed by Daniel Ehrlich and Loturco to purchase the property, and that Loturco promised to provide security for the loans, but that he did not sign any security agreements before the loans were actually made.

Upon exchange of settlement documents and releases with Froehlich in connection with the pending action, Mermel disbursed the $145,000 that Mel Ehrlich had wired to his escrow account, drawing a check in the sum of $125,000 in favor of his client, CCL, and paying the remainder to himself for his legal

fee. Froehlich retained the $100,000 down payment deposited by CCL. Loturco never signed the security agreements for the loans from Mel Ehrlich, which the attorney for the plaintiffs forwarded to Loturco's attorney, the defendant Paul V. Craco, after the fact. Moreover, although a proposed contract for the sale of the property was forwarded by Froehlich to Craco, it was never executed, and the sale of the property to an entity formed by Daniel Ehrlich and Loturco did not occur.

Mel Ehrlich and Daniel Ehrlich commenced this action against, among others, Loturco, his attorney Craco, CCL, its attorney Mermel, and Froehlich, seeking to recover the $145,000 wired to Mermel and the $10,000 loan commitment fee. After completion of discovery, the defendants Froehlich, Craco, and Mermel separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The motions were granted, and the plaintiffs appeal. We affirm.

Froehlich established that he could not be held liable for fraud, since it is undisputed that he never made any representations to the plaintiffs and, contrary to the plaintiffs' contention, he cannot be held liable for the purported misrepresentations of Loturco. Froehlich also established that he could not be held liable for conversion, as it is undisputed that he never exercised dominion or control over the $145,000 wired to Mermel's escrow account (see Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro, 187 AD2d 384 [1992]). Finally, Froehlich established that he could not be held liable on theory of unjust enrichment, as it was established that the loans in question were made at the behest of Daniel Ehrlich and Loturco, and not Froehlich (see Fountoukis v Geringer, 33 AD3d 756 [2006]; JLJ Recycling Contrs. Corp. v Town of Babylon, 302 AD2d 430 [2003]; Kagan v K-Tel Entertainment, 172 AD2d 375 [1991]). In response to these showings, the plaintiffs failed to raise a triable issue of fact.

Craco established, with documentary evidence, that he could not be held liable for fraud, since he did not make the false representation which the plaintiffs attribute to him (see Cape Vincent Milk Producers Coop., Inc. v St. Lawrence Food Corp., 43 AD3d 606 [2007]; Great Neck Car Care Ctr. v Artpat Auto Repair Corp., 107 AD2d 658 [1985]). Craco further established that he could not be held liable for conversion, since he never had dominion or control over the funds loaned by Mel Ehrlich (see National Bank of Geneva v Case Credit Corp., 37 AD3d 1169 [2007]). In response to these showings, the plaintiffs failed to raise a triable issue of fact.

The cause of action to recover damages for breach of fiduciary

duty asserted against Mermel was based on his alleged breach of an agreement to hold, in escrow, the $145,000 wired to him by Mel Ehrlich, pending the receipt of security agreements signed by Loturco and a contract to purchase the property executed by an entity formed by Daniel Ehrlich and Loturco. Mermel made a prima facie showing that no such escrow agreement existed, and the plaintiffs' unsubstantiated allegations to the contrary were insufficient to raise a triable issue of fact (see *Mortgage Elec. Registration Sys., Inc. v Maniscalco*, 46 AD3d 1279, 1281-1282 [2007]). Moreover, Mermel established that the plaintiffs never made a demand for the return of the $145,000 wired to the escrow account, either before or after he disbursed those funds, thus requiring the summary dismissal of the conversion cause of action insofar as asserted against him, since, in opposition to that showing, the plaintiffs failed to raise a triable issue of fact (see *United Credit Corp. v J.L.E. Indus.*, 251 AD2d 69 [1998]).

Accordingly, the Supreme Court properly granted the respective motions of Froelich, Craco, and Mermel for summary judgment dismissing the complaint insofar as asserted against each of them. Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur. **[Prior Case History: 19 Misc 3d 1130(A), 2008 NY Slip Op 50952(U).]**