Brassell v Harbourview Abstract, Inc. (2018 NY Slip Op 05439)





Brassell v Harbourview Abstract, Inc.


2018 NY Slip Op 05439


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-06794
 (Index No. 9404/08)

[*1]Len Mario Brassell, respondent, 
v
Harbourview Abstract, Inc., et al., defendants, Abraham & Abraham, LLC, appellant.


Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Matthew K. Flanagan of counsel), for appellant.
Darrin H. Berger, Huntington, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an escrow agreement, the defendant Abraham & Abraham, LLC, appeals from a judgment of the Supreme Court, Suffolk County (W. Gerard Asher, J.), entered May 16, 2016. The judgment, upon an order of the same court dated March 21, 2016, denying that defendant's motion for summary judgment dismissing the complaint insofar as against it and granting the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against that defendant, is in favor of the plaintiff and against that defendant in the principal sum of $31,000.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the motion of the defendant Abraham & Abraham, LLC, for summary judgment dismissing the complaint insofar as against it is granted, the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against that defendant is denied, and the order dated March 21, 2016, is modified accordingly.
The plaintiff and his brother, the defendant Robert James Brassell, Jr. (hereinafter Robert), inherited a parcel of real property from their parents, which they sold in 2005 to the defendant Clifton D. Smith. At the closing, it was agreed that an agent of the title insurer, the defendant Harbourview Abstract, Inc. (hereinafter Harbourview), would retain, pursuant to a written escrow agreement, $62,000 pending the production of a satisfaction of a prior mortgage on the property. A few months later, Robert secured a copy of the required satisfaction of mortgage and retained the defendant Abraham & Abraham, LLC (hereinafter Abraham), a law firm which had no prior involvement with the sale of the property, to provide Harbourview with the satisfaction and secure the release of the $62,000, which Harbourview had been holding in escrow. Abraham sent a letter to Harbourview indicating that it represented Robert and requesting release of the escrow balance, and provided Harbourview with a copy of the satisfaction of mortgage. Thereafter, Harbourview sent a check for $62,000 to Abraham along with a copy of the title report, which Abraham had requested. Without reviewing the title report, Abraham paid the entire $62,000 over to Robert. When the plaintiff discovered that Robert had received the entire $62,000, he commenced this action against, among others, Abraham. The plaintiff sought to recover damages from Abraham based upon Abraham's alleged breach of the escrow agreement. At the conclusion of discovery, Abraham moved for summary judgment dismissing the complaint insofar as asserted against it and the plaintiff cross-moved for summary judgment on the complaint insofar as asserted against Abraham. The Supreme Court denied Abraham's motion, granted the plaintiff's cross motion, and [*2]thereafter entered a judgment in favor of the plaintiff and against Abraham in the principal sum of $31,000. Abraham appeals.
"To prove the existence of an escrow agreement, it must be shown that there is (a) an agreement regarding the subject matter and delivery of the [funds], (b) a third-party depositary, (c) delivery of the [funds] to a third party conditioned upon the performance of some act or the occurrence of some event, and (d) relinquishment by [the grantor or depositor]" (Mortgage Elec. Registration Sys., Inc. v Maniscalco, 46 AD3d 1279, 1281 [internal quotation marks omitted]).
The Supreme Court should have granted Abraham's motion for summary judgment dismissing the complaint insofar as asserted against it. Abraham established, prima facie, that the funds which were delivered to it by Harbourview were not conditioned upon its payment of half of those funds to the plaintiff and that Abraham did not agree to undertake any obligations on behalf of the plaintiff (see Farago v Burke, 262 NY 229, 233; Ehrlich v Froehlich, 72 AD3d 1010, 1012; see also Mortgage Elec. Registration Sys., Inc. v Maniscalco, 46 AD3d at 1281). Thus, Abraham established, prima facie, that no escrow agreement was created between it and the plaintiff with respect to those funds (see Shapiro v Snow Becker Krauss, 208 AD2d 461; Grossman v Fieland, 107 AD2d 659, 660; see also Rosenberg v Canetti & Troodler, 309 AD2d 914). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Abraham took possession of the $62,000 subject to any conditions pertaining to him or otherwise breached any duties to him (see Ehrlich v Froehlich, 72 AD3d at 1012). For the same reasons, the court should have denied the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against Abraham.
In light of our determination, we need not reach Abraham's remaining contention.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court