■ BAIS YAAKOV OF BROOKLYN, Respondent, v TEMPLE EMANU-EL OF BORO PARK, Appellant. [609 NYS2d 274] —In an action, *inter alia,* to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated December 13, 1991, which granted the plaintiff's motion for partial summary judgment dismissing the second counterclaim set forth in the defendant's answer.

Ordered that the order is affirmed, with costs.

In 1981, the parties entered into an agreement whereby the defendant agreed to sell a school building to the plaintiff, to lease portions of an adjoining Temple building to the plaintiff, and to grant the plaintiff an option to purchase the Temple building in the future for a specified sum. The agreement was approved by the board of trustees and by the general membership of the defendant, as well as by the Supreme Court pursuant to Religious Corporations Law § 12. The resolutions of the board of trustees and the general membership authorized and empowered the officers of the defendant "to execute any and all documents" in connection with the sale and option and "ratified and confirmed" all necessary and proper actions taken by them. The agreement was amended by the execution of a second contract in 1982 which, *inter alia,* conferred upon the plaintiff a right of first refusal regarding the possible sale of the Temple building in the future. Furthermore, the conveyance of the school building occurred in 1983, and lease and option agreements with regard to the Temple building were executed contemporaneously therewith. The 1983 option agreement was recorded.

The plaintiff subsequently commenced the instant action alleging, *inter alia,* that the defendant had breached the lease. In its answer, the defendant asserted as a second counterclaim that the 1983 option agreement between the parties was void and unenforceable because it had not been approved by the board of trustees and the general membership of the defendant or by the Supreme Court. The plaintiff thereafter moved for partial summary judgment dismissing the defendant's

second counterclaim, and the Supreme Court granted the motion. We affirm.

Contrary to the defendant's contention, the judicial approval requirement of Religious Corporations Law § 12 (1) does not apply to an option to purchase real property in the future. Rather, that provision requires approval in the case of a sale, mortgage, or lease in excess of five years of real property owned by a religious corporation. An option to purchase does not fall within any of the foregoing categories, inasmuch as it constitutes "an offer which by [a] contract is to be kept open" *(LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 60). It is only when an option is exercised and a sale of the religious corporation's property is contemplated that judicial approval is required pursuant to Religious Corporations Law § 12.

Furthermore, we agree with the Supreme Court that the broad language used in the resolutions of both the board of trustees and the general membership of the defendant was sufficient to authorize the defendant's officers to enter into the 1983 option agreement and to bind the defendant thereto. Accordingly, the second counterclaim, alleging that the option agreement was void for lack of board approval, membership approval, and judicial approval, was properly dismissed.

In view of the foregoing analysis, we have no occasion to reach the remaining contentions of the parties. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.