■ In the Matter of TEMPLE EMANU-EL OF BORO PARK, Respondent, v ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Respondent, and BAIS YAAKOV OF BROOKLYN, Appellant. [660 NYS2d 41] —In a proceeding, *inter alia*, pursuant to Religious Corporations Law § 12 for judicial approval of the sale of real property by a religious corporation, Bais Yaakov of Brooklyn appeals from an order of the Supreme Court, Kings County (Held, J.), dated July 29, 1996, which granted the petitioner's motion to confirm the report of a Judicial Hearing Officer approving the sale.

Ordered that the order is affirmed, with costs.

The history of the parties' dealings concerning the real prop-

erty in dispute is explained in our decision on a prior appeal (*see, Bais Yaakov v Temple Emanu-El*, 202 AD2d 534). As noted therein, as part of a series of transactions, Temple Emanu-El of Boro Park (hereinafter Temple Emanu-El) granted Bais Yaakov of Brooklyn (hereinafter Bais Yaakov) an option to purchase the Temple property and a right of first refusal regarding offers by third parties to purchase the property. On the instant appeal, Bais Yaakov contends, *inter alia*, that the Supreme Court erred in its conclusion that Bais Yaakov failed to exercise its option within the agreed time period, and that it was therefore error to approve the sale to a third party. We disagree.

We conclude that the appellant failed to exercise effectively either its option to purchase the Temple property or the right of first refusal to purchase. Moreover, Bais Yaakov has not demonstrated that it is entitled to the equitable relief of vacating its default in the exercise of its option. To be entitled to such relief Bais Yaakov was obligated to demonstrate (1) that its default was excusable, (2) that its default will cause it to suffer a substantial forfeiture, and (3) that Temple Emanu-El was not prejudiced by the delay (*see, J.N.A. Realty Corp. v. Cross Bay Chelsea*, 42 NY2d 392, 398; *Dan's Supreme Supermarkets v Redmont Realty Co.*, 216 AD2d 512, 513; *Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp.*, 166 AD2d 435, 437).

The equitable remedy sought by Bais Yaakov is unavailable, as the record shows that allowing it to exercise its option despite its delay would result in substantial prejudice to Temple Emanu-El (*see, J.N.A. Realty Corp. v Cross Bay Chelsea, supra*, at 399-400; *Dan's Supreme Supermarkets v Redmont Realty Co., supra; Godnig v Belmont Realty Co.*, 124 AD2d 701). Moreover, the record discloses that no excuse exists to excuse this default.

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.