Movimiento Misionero Mundial, Inc. v SoBRO Dev. Corp. (2025 NY Slip Op 03140)

Movimiento Misionero Mundial, Inc. v SoBRO Dev. Corp.

2025 NY Slip Op 03140

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Michael, JJ. 

Index No. 155728/20|Appeal No. 4429|Case No. 2023-06296|

[*1]Movimiento Misionero Mundial, Inc., Plaintiff-Respondent,
v
SoBRO Development Corporation, et al., Defendants-Appellants, John Doe #1 through Jane Doe #10, Defendants.

Tane Waterman & Wurtzel, P.C., New York (Moshe C. Bobker of counsel), for appellants.
Maizes & Maizes, LLP, Bronx (Jeffrey Maizes of counsel), for respondent.

Order and judgment, Supreme Court, New York County (Richard Latin, J.), entered November 3, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its causes of action for a declaratory judgment, rescission, appointment of a referee to compute, adjust and convey, and attorneys' fees, and declared that defendants SoBRO Development Corporation and South Bronx Overall Economic Development Corporation (collectively SoBRO) were in violation of the terms of the Site Development Agreement (SDA) as amended, and that the premises subject to the SDA would be reconveyed to plaintiff upon the rescission of said agreement, which was stayed pending completion of a foreclosure proceeding, unanimously affirmed, with costs.
Plaintiff and SoBRO entered into an agreement in 2006, which was court-ordered in 2007, pursuant to which plaintiff conveyed certain premises to SoBRO for the purpose of constructing a church and a condominium building. Upon completion, plaintiff would own the church and three condominium units. The parties entered into an amendment of the agreement in 2015, extending the timeline for completion, and SoBRO obtained a variance for the development and over $5 million in mortgage loans for the development. However, by 2020, SoBRO had not begun construction, and plaintiff commenced this action seeking, among other things, a declaration that SoBRO was in breach of the SDA and rescission of the SDA.
Plaintiff established entitlement to summary judgment by demonstrating that SoBRO had breached the SDA, as amended, by failing to begin construction, by defaulting on their loans, and by marketing the project to unapproved developers. In opposition, defendants submitted no admissible evidence or affidavit of a person with personal knowledge sufficient to raise an issue of fact and failed to contest plaintiff's central claim that no substantial development had occurred (see e.g. Diaz v New York City Tr. Auth., 12 AD3d 316 [1st Dept 2004]).
SoBRO now contends that plaintiff failed to serve a proper notice of default and provide a 30-day opportunity to cure before commencing this action, as required by the SDA. This argument, which is improperly raised for the first time on appeal, is not a purely legal argument based on documents that are part of the record, but depends on facts and documents outside the record on appeal, and therefore may not be considered (see Orlitsky v 33 Greenwich Owners Corp., 236 AD3d 408-409 [1st Dept 2025]; 124 E36 St. NYC, LLC v Shan Ai Piao, 209 AD3d 516, 516 [1st Dept 2022]).
Plaintiff's motion for summary judgment was not premature since SoBRO's claim that discovery is necessary to determine the motion rests "on nothing more than speculation" (Crimlis v City of New York, 179 AD3d 575, 576 [1st Dept 2020]).
Rescission is warranted because SoBRO's breach was "so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract[*2]" (City of Schenectady v Edison Exploratorium, Inc., 147 AD3d 1264, 1265 [3d Dept 2017] [internal quotation marks omitted]).
Furthermore, plaintiff's suit was timely commenced within six years of the 2015 amendment to the SDA (CPLR 213[1]). SoBRO's contention that the amendment is a nullity because the parties did not comply with the requirements of Religious Corporations Law § 12(1) is unpersuasive because, unlike the underlying 2006 SDA, the amendment did not involve the conveyance of premises, but merely a modification of the plans for the church component of the project (see Bais Yaakov of Brooklyn v Temple Emanu-el of Boro Park, 202 AD2d 534, 535 [2d Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025