| |
|---|
| **Kramer v Watson** |
| 2025 NY Slip Op 32121(U) |
| June 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 651151/2020 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-----------------------------------------------------------------------------X

NOAH KRAMER, LAUREN KRAMER,

Plaintiff,

- v -

GERALDO WATSON d/b/a BUSA COMMUNICATIONS
AND CONSTRUCTION,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651151/2020 |
| **MOTION DATE** | 08/23/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37, 38, 39, 40, 41, 42, 43, 44, 50, 51

were read on this motion to/for          JUDGMENT - SUMMARY          .

In this breach of contract action, pro se plaintiffs Noah Kramer and Lauren Kramer ("Plaintiffs") move for summary judgment against pro se defendant Geraldo Watson d/b/a Busa Communications and Construction ("Defendant").  Defendant opposes the motion.

At all times relevant to this action, Plaintiffs were the owners of two cooperative apartments, units 4L and 5L ("the apartments"), at 290 Sixth Avenue in Manhattan ("Building"). Plaintiffs retained Defendant on February 24, 2015 pursuant to a written agreement to perform work in the apartments (NYSCEF Doc. No. 4, "February 2015 Contract").  Plaintiffs concurrently entered an Alteration Agreement with the cooperative corporation, nonparty 290 Tenants Corp., which Defendant also executed (NYSCEF Doc. No. 5, "Alteration Agreement"). The Alteration Agreement required Plaintiffs to submit copies of all contracts they made with contractors, subcontractors, and suppliers prior to the commencement of any work (Alteration Agreement § 3[a]).

651151/2020   KRAMER, NOAH vs. WATSON, GERALD
Motion No.  002

Page 1 of 6

[* 1]

The February 2015 Contract called for Defendant to connect the apartments by opening the ceiling of unit 4L and the floor of unit 5L, installing a custom steel spiral staircase between the apartments. Under this agreement, Defendant was also responsible for installing new fixtures, amenities, and flooring in unit 5L. The work was to commence on February 25, 2015, and be completed by April 24, 2015. The original contract price was $42,000, with Defendant to be paid $20,000 on the first day of work, $17,000 "as per work progress," and $5,000 upon completion. However, Plaintiffs paid the full contract price by March 17, 2015, and thereafter rendered over $50,000 in additional payments to Defendant for the work (NYSCEF Doc. No. 40).

Plaintiffs allege that the project was not completed on schedule and that Defendant performed defective work, deviated from the approved plans, and caused delays that deprived them of the use of the apartments for several months. For instance, they claim that Defendant performed unauthorized demolition work in the unit 4L kitchen, which resulted in the removal of the countertop and irreparable damage to the kitchen cabinets, both of which it had to replace. Plaintiffs further allege that Defendant failed to complete work on the staircase, rendering it unusable, and that its belated installation of flooring in unit 5L was defective. Plaintiffs maintain that Defendant caused them financial losses by requiring them to hire third-party contractors to remedy and complete the work, incur additional rent for another apartment where they resided during the project, and pay the manufacturer of the staircase $26,000 for the amount owed by Defendant to the manufacturer which it never paid. They allege that Defendant repeatedly refused to complete the work or repairs if they did not pay the additional monies demanded.

Defendant maintains that the additional time and expenses stemmed from Plaintiffs' requests for additional work during the project. It alleges that there were several change orders

[* 2]

during the project, which included adjustments of the stairwell's size and materials, along with alteration of the flooring material installed in unit 5L. Defendant also claims that it entered into two different contracts with Plaintiffs for the project, the February 2015 Contract and a second "Combined Agreement" dated April 10, 2015, that expanded the scope of work performed in unit 4L, including renovations to that unit's kitchen and bathroom (NYSCEF Doc. No. 5, "Combined Agreement"). Defendant maintains that the February 2015 Contract deliberately understated the work to be performed as this was the contract provided to the cooperative corporation pursuant to the Alteration Agreement.

In their Complaint, Plaintiffs assert causes of action for breach of contract and rescission and seek $152,394.59 in damages. The breach of contract claim is based on Defendant's alleged failure to perform the work in accordance with the specifications in the Contract, while the rescission claim arises out of the additional payments that Plaintiffs made to Defendant during the course of the project. In its Answer, Defendant asserts counterclaim seeking recovery of payments that Plaintiffs allegedly failed to make for the project.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Plaintiffs first move for summary judgment on their breach of contract claim. To prevail on this cause of action, Plaintiffs must demonstrate "the existence of a contract, [their]

651151/2020   KRAMER, NOAH vs. WATSON, GERALD
Motion No.  002

Page 3 of 6

[* 3]

performance thereunder, the defendant's breach thereof, and resulting damages" (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010], *citing Morris v 702 E. Fifth St. HDFC*, 46 AD3d 478, 479 [1st Dept 2007]).  "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*112 West 34th St. Assoc., LLC v 112-1400 Trade Properties LLC*, 95 AD3d 529, 531 [1st Dept 2012], quoting *Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2d Dept 2007]).

In support of their application, Plaintiffs submit a copy of the February 2025 Contract, payment records including copies of the checks to Defendant, and an architect report dated July 24, 2015, setting forth the work that Defendant failed to perform under the contract or work it did that was not contracted for (NYSCEF Doc. Nos. 39-41).  They also annex photographs of the damage Defendant allegedly caused to the apartments and the purportedly unauthorized work it performed in the unit 4L kitchen (NYSCEF Doc. No. 45).  In opposition, Defendant submits a copy of the Combined Agreement setting forth the putative additions to the work, including an extensive addendum for work in unit 4L that lists items such as "Remove existing kitchen," "Reinstall kitchen top cabinet," "Install gas stove in kitchen," "Install sink in kitchen," "Install back splash in kitchen," and "Install sheet rock in kitchen" (Combined Agreement at 4). Defendant also submits a copy of an invoice it sent to plaintiff Noah Kramer dated March 17, 2015 with charges for work in the apartments that aligns with the price schedule set forth in the Combined Agreement (*compare* NYSCEF Doc. No. 12, *with* Combined Agreement at 9).

The Court finds that there are issues of fact that preclude summary judgment on Plaintiffs' breach of contract claim.  The parties submit conflicting evidence as to which

651151/2020   KRAMER, NOAH vs. WATSON, GERALD
Motion No.  002

Page 4 of 6

4 of 6

[* 4]

document was the operative agreement, with Plaintiffs citing the February 2015 Contract and Defendant invoking the Combined Agreement. The record includes evidence about the parties' course of conduct that could indicate their intent to modify the February 2025 Contract, including payments in excess of those originally agreed upon and a larger scope of work in the apartments (*see Echevarria v 158th St. Riverside Dr. Hous. Co., Inc.*, 113 AD3d 500, 501 [1st Dept 2014] ["[p]arties to a contract are able to alter or waive portions of an agreement by their course of conduct"], quoting *Ficus Invs., Inc. v Private Capital Mgt., LLC*, 61 AD3d 1, 11 [1st Dept 2009]). Furthermore, Plaintiffs submit payment records indicating they paid most of the charges set forth in the March 2015 invoice, including a check specifically designated as payment for "change order," although neither party submits a copy of any change order (*see* NYSCEF Doc. No. 40, Check # 1187; NYSCEF Doc. No. 12).

The branch of Plaintiffs' motion requesting summary judgment on their recission claim is also denied. Rescission is only available as a remedy where a breach of contract is "so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract" (*Movimiento Misionero Mundial, Inc. v SoBRO Dev. Corp.*, 2025 NY Slip Op 03140 [1st Dept 2025]). As there are issues of fact as to whether Defendant breached a contract with Plaintiffs, there is an issue of fact as to whether they are entitled to rescission. Furthermore, Plaintiffs do not demonstrate that they lack an adequate remedy at law, such as money damages, such that rescission would be warranted (*see Lantau Holdings Ltd. v General Pac. Group Ltd.*, 163 AD3d 407, 409 [1st Dept 2018] ["rescission is a matter of discretion, and is an equitable remedy that is 'to be invoked only when there is lacking complete and adequate remedy at law and where the status quo may be substantially restored'"], quoting *Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]).

651151/2020   KRAMER, NOAH vs. WATSON, GERALD
Motion No.  002

Page 5 of 6

[* 5]

Plaintiffs last move for dismissal of Defendant's counterclaim alleging that they failed to fully pay for the work on the apartments. In support of their application, Plaintiffs submit proof of the payments they made to Defendant throughout the project (NYSCEF Doc. Nos. 40-41). Defendant does not tender evidence in opposition demonstrating the existence of issues of fact as to its counterclaim. Instead, it states in its affirmation in opposition: "All contractual Construction work . . . was fully satisfactory [sic] executed and was paid by Plaintiff for its satisfactory completion" (NYSCEF Doc. No. 46 ¶ 2[a]). Defendant also submits a letter dated July 24, 2015 that it sent to Plaintiffs' bank stating: "I hereby certify that ALL work relating to the combination of units 4L and 5L (at 290 Avenue of the Americas) has been fully paid for by Noah J. Kramer and no further payments are due" (NYSCEF Doc. No. 9). The Court therefore finds that Plaintiffs are entitled to summary judgment dismissing Defendant's counterclaim.

Accordingly, it is hereby:

ORDERED that the branches of Plaintiffs' motion for summary judgment on their breach of contract and rescission claims are denied; and it is further

ORDERED that the branch of Plaintiffs' motion for summary judgment dismissing Defendant's counterclaim is granted.

This constitutes the Decision and Order of the Court.

| 6/13/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |
| **CHECK ONE:** | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651151/2020   KRAMER, NOAH vs. WATSON, GERALD**
**Motion No.  002**

**Page 6 of 6**

[* 6]